WERNER, Respondent, vs. YELLOW CAB COMPANY,
Appellant.

*April 13—July 8, 1922.*

*Automobiles: Collision at street intersections: Negligence: Law of
the road.*

1. In an action for personal injuries resulting from an automobile
   collision, where the testimony of defendant's driver that he
   sounded his horn as he approached the street intersection
   where the collision occurred was uncontradicted, no jury
   question was presented as to this particular element of negli-
   gence.
2. Where there was ample evidence to show that defendant's
   car was being driven at a very high rate of speed, a finding
   of the jury that the driver was negligent cannot be disturbed.
3. Although at the intersection where the collision occurred de-
   fendant's cab had the right of way, under sec. 1636—49,
   Stats., over any other vehicle approaching on a cross street
   from the left, where plaintiff was justified in believing from
   his observation at some distance from the intersection that
   he had ample time to cross ahead of the cab, he was not
   negligent as a matter of law in not making subsequent obser-
   vations.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Automobile collision. Second street in the city of Mil-
waukee extends north and south and intersects Wells street,
which extends east and west. West Water street extends in
a northwesterly and southeasterly direction, intersecting
Wells street east of Second street. The north curb line of
Wells street is ninety-three feet in length from the east curb
line of Second street to the westerly curb line of West Water
street. The southerly curb line of Wells street between
said points is somewhat longer because of the angular inter-
section formed by Wells and West Water streets.

On the 15th day of November, 1919, at about 10:30 p. m.,
plaintiff was driving a Franklin car southeasterly on West
Water street. As he approached the intersection of Wells

street at about ten or fifteen feet north of the north curb line, he looked east and west for the purpose of taking observations before entering the intersection.   He saw defendant's yellow cab ten or fifteen feet west of the street-car track on Second street coming easterly on Wells street at a rather high rate of speed.   He figured he had ample time to cross the intersection, and proceeded at a speed of from twelve to fifteen miles an hour.   He did not look again and saw nothing more of the yellow cab until it collided with his machine south of the center of Wells street.   As a result of the collision plaintiff's machine was upset, badly demolished, and he sustained personal injuries.

By special verdict the jury found that the driver of the yellow cab failed to exercise ordinary care in operating the automobile as it approached the place of collision, which failure was a proximate cause of plaintiff's injuries; that the plaintiff was not guilty of any want of ordinary care which proximately contributed to produce the collision; and assessed plaintiff's damages at $3,100.

From a judgment rendered in favor of the plaintiff upon this verdict defendant appealed.

For the appellant there was a brief by *J. Elmer Lehr,* attorney, and *Roland J. Steinle,* of counsel, both of Milwaukee, and oral argument by *Mr. Lehr.*

For the respondent there was a brief by *Robert Hess* and *Glicksman, Gold & Corrigan,* all of Milwaukee, and oral argument by *W. D. Corrigan.*

The following opinion was filed May 9, 1922:

OWEN, J.   The negligence, charged in the complaint, on the part of the defendant's driver is the high rate of speed and failure to blow the horn.   The driver of the cab testified that he blew the horn as he approached the intersection. The court held that there was no evidence to contradict the testimony of the driver, and that as to this element of negligence no jury question was presented.

There was ample evidence to show that the cab was being driven at a very high rate of speed, and consequently the finding of the jury to the effect that the driver of the defendant's cab failed to exercise ordinary care in operating the automobile as it approached the place of collision cannot be disturbed.

The principal contention made here is that the plaintiff was guilty of contributory negligence as a matter of law. It is true that by virtue of the provisions of sec. 1636—49, Stats., defendant's cab had the right of way at the intersection, and this statutory provision affords the principal basis for defendant's contention. It must be regarded as a verity for present purposes that the plaintiff saw defendant's cab west of the street-car track on Second street when he was at a point ten or fifteen feet north of the north curb line on Wells street. By reference to the plat introduced in evidence it appears that the cab was then more than 150 feet from the place of collision. Plaintiff was approximately sixty feet from the place of collision. He estimated that he had abundant time to cross the intersection ahead of the cab, driving at from twelve to fifteen miles an hour. It is apparent that if the cab was approaching at anything like a lawful rate of speed plaintiff had an abundance of time to cross the intersection ahead of the cab. In view of the fact that when plaintiff made his observation he was justified in the belief that he had ample time to cross ahead of the cab, it is impossible for us to say that he was guilty of contributory negligence as a matter of law in his failure to make later observations. Although he knew the cab was coming at a high rate of speed, he also knew that the cab was from two and one-half to three times as far from the point of their intersection as he was; that the view of the cab driver was free and unobstructed; and that it was entirely possible for the cab driver to slow down before reaching the intersection. Under these circumstances it was plainly a jury ques-

tion as to whether he was negligent in his failure to give further attention to the approaching cab.

Appellant also contends that the damages are excessive and that the court erred in specified particulars in submitting the question of damages to the jury. This assignment of error does not require special treatment. We discover no error in the charge of the court bearing upon this question, and we consider that the damages are not excessive.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on July 8, 1922.