432

NELSON, Respondent, vs. KLEMM and another, Appellants.

*Nóvember 12, 1932—February 7, 1933.*

The cause was submitted for the appellants on the brief of *Rouiller & Dougherty,* attorneys, and *Thomas A. Byrne* of counsel, all of Milwaukee, and for the respondent on that of *Jacobson & Malone* of Waukesha.

The following opinions were filed December 6, 1932:

WICKHEM, J.  The sole issue upon this appeal is whether the evidence shows, as a matter of.law, that plaintiff was guilty of contributory negligence.  The accident happened at the intersection of county line road with state highway 16.  The plaintiff was traveling south on the county line road, which is a graveled highway.  As he approached the intersection of this road with state highway 16, he saw the defendant's car, which was proceeding east on the state highway.  At the time when plaintiff first saw defendant's car he was about seventy to eighty feet from the concrete highway.  At that time plaintiff claims that it was from 300 to 400 feet west of the intersection.  He further claims that he watched the car for a moment, estimated that it was traveling between twenty-five and thirty miles an hour, and concluded that he had ample time to cross the intersection.  Upon reaching the north edge of the concrete, and after making observations to the east, plaintiff looked west and saw defendant's car, as he estimated, about 100 to 150 feet west of the intersection, traveling at that time at a speed which he judged to be between forty-five and fifty miles an hour.  He realized immediately that there might be an accident, and concluded that to apply his brakes would result in

a collision. He therefore proceeded in a straight line across highway 16. It is plaintiff's claim that at the moment of impact the front wheels of plaintiff's car were fifteen feet south of the concrete, and the rear portion entirely· clear of the concrete.

Fairly construed, we think plaintiff's testimony cannot be said to be contrary to the physical facts, and the jury having accepted his version, it must be taken as a verity. Defendants have argued that defendant's car could not have been 300 or 400 feet away at the time plaintiff ·made his observation, for the reason that this would require the defendant driver to proceed at an impossible rate of speed in order to be at the· intersection when plaintiff arrived there. However, plaintiff's testimony represents only an estimate, and a very broad estimate, because, as heretofore indicated, he states that the defendant's car was from 300 to 400 feet from the intersection. We think the jury was entitled to construe this simply as plaintiff's estimate that defendant's car was much further from the intersection than he was and proceeding at the same speed, so that plaintiff was entitled to conclude that he had ample time to cross in safety.

It is the contention of the defendants that plaintiff failed to keep an efficient lookout. This is based upon the fact that plaintiff's first observation was made when he was from seventy to eighty feet from highway 16, and that his next observation was not made until he was at the edge of the concrete and no longer able to put into effect any of the warnings that a lookout would give. It is the contention that plaintiff clearly would have been negligent had he not made any further observation after the first observation, and that since his second observation was not made at a point where it could do him any good, he was negligent.

On the part of the plaintiff it is contended that the observation made seventy to eighty feet from the intersection was efficient and adequate; that plaintiff saw the defendant's car approaching, estimated its speed, and concluded that he

could safely cross ahead of it; that the plaintiff had other observations to make to the east and south, and that he made them, and that when he again looked to the west it was apparent that defendant had changed the speed at which he was driving; that the plaintiff was then presented with an emergency; that this emergency was discharged as well as it could be, and that he had practically cleared the intersection at the time of the accident.

The case resolves itself into this question: Is a driver, approaching the intersection of two country highways, who makes a single observation at a point seventy to eighty feet from the intersection, and thereafter crosses the intersection without a second look, guilty of contributory negligence as a matter of law, in spite of the fact that his view was unobstructed at the point where the observation was made and that the observation had disclosed the presence of the other car on the intersecting highway proceeding at such a distance from the intersection and at such a speed as to lead him to conclude that he could safely clear the intersection ahead of it? It may be that there is some point beyond which it could be said as a matter of law that a final observation could not be made in the exercise of due care, no matter what the observation disclosed, but whether this is true or not, and it is unnecessary to determine this here, we cannot say as a matter of law that a point seventy to eighty feet from the intersection is beyond this limit under all the circumstances of this case.

In *Werner v. Yellow Cab Co.* 177 Wis. 592, 188 N. W. 77, plaintiff's last observation was made when he was fifteen feet from the curb line but at a point approximately sixty feet from the place of collision. This court held that the question as to whether plaintiff should have made further observations was one for the jury.

In *Pichler v. Ladwig,* 194 Wis. 535, 217 N. W. 320, plaintiff's last observation was made at a point about twenty-three feet from the intersection. This court declined to hold

plaintiff negligent as a matter of law for not making a second observation, stating that such a rule would be "to put drivers of automobiles in strait-jackets and make it well-nigh impossible for them to make comprehensive observations at street intersections."

In *Hein v. Wendlandt,* 207 Wis. 139, 240 N. W. 815, plaintiff was approaching an intersection and made an observation when he was fifty feet from the intersection, during the course of which he saw the defendant's car but underestimated its speed. His estimate was that the defendant's car was from ninety to one hundred feet from the intersection. There was no evidence of a second observation until plaintiff was about ten feet from the intersection, when it was too late for him to stop his car. This court declined to hold plaintiff negligent as a matter of law.

The case of *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389, is relied upon by defendant. In this case the accident happened upon a city street carrying heavy traffic. Plaintiff's sole observation was made after passing the house nearest the intersection and 125 feet from it. At the time of making the observation he could not see down the intersecting street further than the distance he was away from the intersection. There was then no car in sight. He made no further observation before entering the intersection. Plaintiff based his right to proceed without a second observation upon the hypothesis that he might properly assume that any one approaching the intersection would be proceeding at a lawful rate of speed and would yield him the right of way. The court rejected this contention, holding that it was apparent that no such assumption could be made because "the premise that a car approaching at a lawful rate of speed on the intersecting street would not reach the intersection until after the plaintiff is false." It seems to us that this case is clearly distinguishable. In the *Thieme Case* the plaintiff had a limited view of the intersecting street, and at the point

where the observation was made, could not make a sufficient observation reasonably to come to the conclusion that no car approaching on his right and proceeding at a lawful rate of speed would be in competition for the intersection. In the instant case the plaintiff had an unlimited view of the intersecting highway, saw defendant's car, was able to judge its speed and distance from the crossing, and thus had a basis of fact for the conclusion which he then drew, and which the jury found he could have drawn, in the exercise of due care.

We think the cases of *Werner v. Yellow Cab Co., supra, Pichler v. Ladwig, supra,* and *Hein v. Wendlandt, supra,* are more nearly applicable, although the distances at which the sole observation was made in those cases was somewhat shorter than in this case. We are unable to say as a matter of law, under all the circumstances, that the distance involved in this case was so great as to make reliance upon the observation contributory negligence as a matter of law.

It follows from the foregoing that judgment must be affirmed.

*By the Court.*—Judgment affirmed.

FOWLER, J. I dissent from the decision in this case. We have here a plaintiff who is approaching on a by-road a county trunk highway paved with concrete. By his own testimony, which states the case most favorably to him, he was driving twenty miles an hour and when seventy or eighty feet away from the intersection he saw a car coming from his right to which he had to yield the right of way if the cars continuing to travel at their respective speeds would collide. He estimated that when he saw the other car it was traveling about twice as fast as he was. He says he judged that it was 350 or 400 feet from the intersection, but according to his estimate of the respective speeds it was manifestly about twice as far from the intersection that he

was, for the cars collided. His judgment of the distance, if it can be called a judgment, was manifestly based on a careless lookout and one upon which he had no right to rely. In this situation he drove blithely along on his careless way, paying no attention to the car at his right, and did not see it again until the front of his own car reached the concrete, when being unable to stop before reaching the lane of the other car's travel he increased his speed to twenty-five miles an hour in effort to clear its path. The cars collided just as the rear of his car reached the far edge of the concrete. He says the other car was 100 to 150 feet away when he saw it the second time, but this is absurd as the car, which he says had then increased its speed to forty or forty-five miles an hour, could not possibly travel that distance while he was traveling only the length of his car and the width of the concrete, thirty feet at most. It is manifest that the other car was close to the intersection when the plaintiff reached it. When he was ten feet away the other car was about twenty feet away. Had the plaintiff looked to his right again shortly before entering the intersection he would have seen it and been able to stop in time to avoid a collision with it. One knowing traffic is approaching from his right must look out for it before entering an intersection, and must look out for it when at such distance away as to enable him to stop to avoid a collision with it if in fact collision is likely to occur if the cars continue at their respective speeds. A rule that does not require this legalizes the needless maiming and killing of human beings. Every driver of an automobile knows that, in absence of mechanical defects in cars or dangerous road conditions or causes operating independently of the actions of the two drivers, no collision will occur at an intersection if either driver, knowing of approaching traffic on the other road, uses due care as to lookout and control

of his car, unless the other driver handles his car in a manner outside the realm of reasonable anticipation.

The opinion of the court goes largely on the assumption that the case is ruled by *Hein v. Wendlandt*, 207 Wis. 139, 240 N. W. 815, which is less far from the facts of this case than any other cited. To me the facts of that case seem so widely different from those here involved as to render it inapplicable. There, assuming that the two cars would reach the intersection at the same time traveling at their respective rates of speed, the plaintiff had the right of way; here the defendant had it. There the plaintiff was driving thirty miles an hour; here he was driving twenty and could not cross the intersection as quickly as could the other plaintiff. There the plaintiff made a first observation when he was fifty feet from the intersection; here he made it when he was seventy or eighty feet away. There the plaintiff made a second observation when he was ten feet from the intersection and then judged he had time to cross ahead of the defendant; here no second observation was made before entering the intersection, and the need therefor was greater than was the need of the plaintiff in the other case. There the plaintiff on the basis of his second observation had reason to believe that the defendant would yield him the right of way, as there was ample opportunity for him to do so; here the plaintiff had no such basis and no such reason. There the plaintiff, after seeing the defendant's car, kept watch of it; here the plaintiff, after seeing the defendant's car, apparently forgot all about it. That case, to my way of thinking, went the limit in upholding a finding by the jury acquitting a plaintiff of contributory negligence; to uphold the jury in doing so in this case would permit them to transcend all reason. It is true that a distance of twenty to thirty feet—the difference between the distances at which the plaintiffs in the two

cases first saw the defendant's car—is not far. Neither is an inch ordinarily, but on the end of Cyrano de Bergerac's nose it cut a considerable figure. The twenty or thirty feet under the circumstances here involved also looms large. It is also true that one in an automobile cannot be held to any exact estimate in fixing in feet the distance away of a car approaching on a cross-road, but any reasonably careful observation will enable him to see that it is not five times as far from the intersection as he is when it is only twice as far. Such an estimate disregards the physical situation; it disregards the duty of due care; it is not a judgment. Under the decision in this case, if it is to stand as a precedent, all a plaintiff involved in an automobile collision at an intersection need say to avoid a finding of contributory negligence is that he judged he had time to get across without being hit. This court recently decided in the case of *Hensel v. Hensel Yellow Cab Co. Inc.* 209 Wis. 489, 245 N. W. 159, that acting upon judgment does not constitute a defense in a negligence case unless the judgment be based upon an observation made with ordinary care. We have recently stated and reiterated that "constant vigilance at street intersections is essential to safety." *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389; *Rock v. Sarazen,* 209 Wis. 126, 244 N. W. 577, 578. It seems to me that these rules which are absolutely essential to the protection of the public are ignored in the decision in this case. In my opinion the judgment of the circuit court should be reversed.

I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice NELSON concur in this opinion.

A motion for a rehearing was denied, with $25 costs, on February 7, 1933.