### HALEY v. BLACK et al.
### No. 4790.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Robert Roberts, Jr., of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellees.

TALIAFERRO, Judge.

John T. Haley, in his own right, and for and on behalf of his minor daughter, Johnette Haley, instituted this suit against Harper Black and the Employer's Liability Assurance Corporation, Limited, to recover damages resulting from a collision between the automobile in which young Black and Miss Haley were riding and another car, the identity of which and its operator are unknown. The collision occurred between the hours of 2 and 3 o'clock a. m., December 27, 1932, in the intersection of College street with Creswell street in the city of Shreveport. The other car rammed the Black car violently, knocking it entirely from the street onto the sidewalk of the opposite corner. Miss Haley was thrown from the car and rendered unconscious. She was taken immediately to a sanitarium, where she remained for one day. Mr. Haley sues to recover the amount of sanitarium and doctor's bills incurred in the treatment of his daughter, and for a large amount, in her behalf, on account of her pain and suffering, permanent disfigurement to her face and head, and for impairment to her mental and physical functions, and nervous system.

The petition sets forth, and the evidence discloses, that Harper Black, using his mother's automobile, accompanied Miss Haley to a dance at the Washington-Youree Hotel in Shreveport the evening before the accident. They were en route to her home from the dance when the collision occurred. There were no witnesses to the collision, so far as known, save these two young people and the operator of the "hit-and-run" car. The specific acts of negligence charged against young Black, which, it is alleged, contributed proximately to the collision, are:

"(a) He failed to yield the right of way to the car on Creswell Street, notwithstanding the car on Creswell Street reached said intersection at approximately the same time he did and, under the law, was entitled to the right of way.

"(b) Creswell Street, by a custom existing in the City of Shreveport, which custom was well known to Harper Black, is used as a through street by cars proceeding south away from down town, and is accorded right of way; Harper Black failed to observe the right of way accorded to cars on Creswell Street by custom.

"(c) At the time said collision occurred, rain was falling and the streets were wet and slippery; the weather was cold and the side windows of the car which Harper Black was driving were closed and partially obscured by water; a building on the northeast corner of said intersection prevented the said Black having an unobstructed view of Creswell Street, to the North, as he approached the intersection, until he was only a few feet back from the intersection; the said Black, as he reached the intersection, saw the lights of the approaching car and notwithstanding having seen the same, proceeded into the intersection; under the circumstances prevailing at the time, herein detailed, he did not exercise due care to prevent the collision, and, in proceeding into the intersection in front of the oncoming car, did not act as a reasonable and prudent person would have acted under the circumstances.

"(d) That the said Harper Black approached said intersection at a speed of approximately twenty or twenty-five miles per hour, and, in entering same, failed to slow down to any material extent; he entered the intersection at a speed slightly in excess of twenty miles per hour; under the physical conditions existing at the time and place, hereinabove detailed, he was guilty of negligence in so doing.

"(e) That the rate of speed at which said Black drove into the intersection was in violation of the provisions of Ordinance No. 207 of 1923 of the City of Shreveport, Section 36 of which is as follows:

"'Be it further ordained, etc., That the speed limit for motor driven vehicles other than buses, trucks, and heavy vehicles, in the residential districts shall be not greater than 18 miles per hour, and in the business districts not greater than 12 miles per hour.'"

Defendants deny all the allegations and charges of negligence made by plaintiff against Harper Black in respect to the operation of the car in which he and Miss Haley were riding, and further, in defense of the suit against them, plead:

"* * * that when he approached the said intersection, the said Harper Black slowed his car down and looked to see if the way was clear and North on Creswell Street, at least a block away, he saw the lights of an approaching automobile, that the said Harper Black then proceeded to cross Creswell Street and when he had reached about the center of the intersection, he discovered that the car approaching from the North on Creswell Street was proceeding at a terrifically fast and unlawful rate of speed and that likely there would be a collision if the oncoming car did not slow down; that the said Harper Black did everything in his power to avoid the collision, turned his car to the left in the direction of the southwest corner of the intersection, stepped on his gas to try to speed up and get out of the way of this other car but in spite of his efforts the approaching car ran into the car driven by Harper Black, overturned it, and threw Miss Johnette Haley out of the same.

"Defendant further shows that the accident was due entirely to the negligence of the driver of the car which struck the car which Harper Black was driving in that said driver:

"A. Was proceeding South along Creswell Street at a fast, reckless and unlawful rate of speed, in violation of Section 23 of Ordinance Number 207 of 1923 of the city of Shreveport.

"B. That the driver of said car which struck the car being driven by Harper Black did not keep a proper lookout in the way in which he was going.

"C. That the driver of the said car which struck the car being driven by Harper Black negligently failed to apply his brakes and slow down his car so as to avoid the accident.

"D. That the driver of the approaching

car which struck the car which Harper Black was driving was negligent in failing to see the headlights of the car being driven by Harper Black and to slow down in ample time to avoid the accident.

"Defendant further shows that the said acts of negligence on the part of the driver of the car which struck the car being driven by Harper Black were the sole and proximate causes of said accident.

"Defendant further shows that Harper Black was proceeding in a careful and prudent manner and that if said approaching automobile had observed the laws of the State and Ordinances of the City of Shreveport and had exercised common, ordinary prudence and care that the accident would not have happened.

"Defendant further answering and in the alternative shows the Court that should the court hold that Harper Black was guilty of any negligent act in driving, which negligence is expressly denied, that then and in that event Miss Johnette Haley who was riding on the seat with Harper Black on the occasion of the accident had not complained or objected in any way to the manner in which the said Harper Black was operating said automobile; that she had the same opportunity to observe the condition of the intersection as was afforded Harper Black and that she did not object to Harper Black proceeding to drive across said intersection at the time and in the manner in which the car was operated."

The lower court rejected plaintiff's demands, and he appealed to this court.

The testimony in the case is brief. The facts, in the main, are not disputed. The actionable negligence charged against young Black is that he did not exercise due care and caution, and did not keep a proper lookout for traffic on Creswell street, as he approached and entered the intersection, and was traveling at a speed in excess of 15 miles per hour, in violation of law, when he undertook to cross it.

Defendants' position is that it has not been established that the Black car was going at a rate in excess of 15 miles per hour when it tried to negotiate the intersection, and, if such fact has been established, it is not shown that the excess in speed, above the lawful rate, contributed to the accident, or that such was the proximate cause of it. In the alternative, defendants urge the contributory negligence of Miss Haley in bar of recovery by plaintiff. Her negligence, it is charged, being

that while riding as a guest of young Black she did not protest against the rate of speed his car was making as it entered the intersection, and that the duty devolved upon her, as well as on him as driver, to keep a close lookout for traffic on Creswell street, which she did not do.

Creswell street is not one of the city's right of way thoroughfares, though traffic thereon during the daytime and a large part of night is heavy. As a rule vehicular traffic on streets entering or crossing this street accord to traffic thereon the right of way. It is known as a "favored street." Rain had fallen during the night of the accident and the street surfacing was slippery. The car windows were covered with mist which to some extent interfered with clearness of vision towards objects on the outside of the car. Harper Black testified that as he drove along College street his car was traveling at a rate of speed estimated at between 20 and 25 miles per hour, and that this rate was reduced below 20 miles per hour as he approached and entered the intersection at Creswell street. He would not more definitely fix this rate as he could not do so. He further stated that when the front end of his car was about 25 feet from the east Creswell street line, he carefully looked across the property corner on his right and observed the lights of a car moving southerly on Creswell street, he estimated, a block and one half, or more, distant. He then testified: "I thought at the time I had plenty of time to go across the intersection and went ahead, and when I was about half way across the intersection I realized that the car would probably hit me if I could not get out of the way. I speeded up and cut my car to the left, trying to get out of its way. When I was almost across the intersection the other car hit me."

There is no testimony in the record to contradict that given by young Black. Miss Haley, in effect, corroborates his evidence as to the speed the car was going while on College street and when crossing the intersection. She says that they were not going very fast, but would not undertake to estimate the rate at which the car was moving; that the first intimation she had of the car approaching them on their right was an instant before the collision occurred, she then saw the reflection of its headlights; that at this instant their car was almost across the intersection. She admits that several times after the accident she told young Black, and possibly others, that she did not feel like it was due to his fault that it occurred. The friendship between Miss Haley and young Black was not

marred to any extent as a consequence of the accident in which they were involved.

■ The testimony does not conclusively establish that the Black car was traveling at a speed in excess of 15 miles per hour while in the intersection. The only evidence on the point is that of Black himself, and he is certain that the car was moving at less than 20 miles per hour. He was not asked whether the rate was in excess of 15 miles per hour, as fixed by Act No. 296 of 1928, § 5, subsec. b, par. 3, where there is an obstruction to the view during the last 50 feet of an approach to an intersection, as appears in this case. In the absence of affirmative proof of the excessive speed, it will be presumed that the law was being observed. Be this as it may, it does not necessarily follow that the violation of this traffic law, if such there was, by exceeding the maximum rate fixed thereby, contributed to or was the proximate cause of the collision. Had Black been going at a more rapid speed, the accident would have possibly been averted because he could have cleared the intersection before the other car entered it. The fact that he had traveled nearly 60 feet after seeing the lights of the other car (Creswell street being 36 feet wide between curbs) before being run into by it, and that said car was evidently traveling at a very rapid speed, argues strongly that he did not greatly miss his estimate of that car's distance from him before he entered the intersection; and the fact that the collision occurred when the Black car had nearly cleared the intersection is conclusive evidence that Black entered the intersection first and, therefore, had the right of way across it. Hamilton v. Lee (La. App.) 144 So. 249, 253. It was the other car's duty to so govern itself as to avoid a collision.

■ It is now well established in our own jurisprudence, as well as in that of many of the other states of the Union, that the violation of a positive law is negligence per se, a fault on the part of the violator, but that such negligence is not actionable unless it constitutes the efficient and proximate cause of the injury complained of. There must be causal connection between the unlawful act and the injury, else the negligence is not actionable. The proof must show such or the action falls. 20 R. C. L. p. 43, § 37; Lopes v. Sahuque, 114 La. 1004, 38 So. 810; Darsam v. Kohlmann, 123 La. 164, 48 So. 781, 20 L. R. A. (N. S.) 881; Bethancourt v. Bayhi (La. App.) 141 So. 111; Martin v. Jonesboro Drug Co., 7 La. App. 262.

■ The case of Hamilton v. Lee, supra, is on all fours with the case at bar and, we think, is decisive of the issue of negligence, vel non, charged against Black. In the present case there is nothing in the record to indicate that young Black, as he approached the intersection and then entered it, did not do about all any cautious and prudent person would do under like circumstances. That is all he was required to do under the law to absolve himself from the charge of culpable conduct.

In the Hamilton Case, supra, we said:

"Berry on Automobiles (6th Ed.) vol. 1, § 1049, reads as follows: 'A driver approaching an intersection saw a machine approaching about 150 feet distant from his right. He kept on without again looking, and was almost across the intersection when he was struck by the other car. Held, that he was not contributorily negligent as a matter of law in not looking to the right again after entering the intersection.' Citing Ellis v. Olson, 139 Wash. 351, 246 P. 944.

"Huddy's Encyclopedia of Automobile Law (9th Ed.) vol. 3-4, p. 230, under the heading 'Side Lookouts,' reads in part as follows: 'He need not, however, look as far as his eye can reach, but only sufficiently far to enable him to discover vehicles within the limit of danger.' Citing the following ruling from Taxicab Co. v. Ottenritter, 151 Md. 525, 135 A. 587, 589: 'It was not necessary for the plaintiff to look as far as his eye could reach to his right before proceeding across the intersecting street. His duty in that respect was performed if he looked sufficiently far to his right to discover that there was no traffic approaching from that direction within a distance that would not be traversed by a vehicle driven at a speed permitted by the law. He was not required to look always to his right while crossing the street, as he had to avoid endangering travel ahead of him, or approaching from his left.'

"Again, Berry on Automobiles (6th Ed.) vol. 1, § 1045, p. 890, says: 'If the driver who has not the right-of-way, looked when considerable distance from the crossing and was justified in the belief that he had ample time to cross in front of a machine having the right-of-way, he was not negligent, as a matter of law, in not making subsequent observations.' Citing Werner v. Yellow Cab Co., 177 Wis. 592, 188 N. W. 77.''

■ So, having reached the conclusion that when Harper Black drove his car into the intersection, he was authorized to do so, in

view of his previous caution and the distance the other car appeared to be from him; and that having first entered the intersection, other cars approaching it were required to observe his preemption thereof—we find him free of negligence in connection with the accident, and not responsible in law for the damages resulting therefrom; and this, too, whether he was operating his car at a speed in excess of 15 miles per hour, or not.

Judgment affirmed.