CHERNEY (HENRIETTA), by Guardian, Respondent, vs. SIMONIS and another, imp., Appellants.

*January 7—February 4, 1936.*

For the appellants there was a brief by *Richmond, Jack-man, Wilkie & Toebaas* of Madison and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Ray B. Graves*.

*Chas. E. Briere* of Wisconsin Rapids, for the respondent.

FOWLER, J. The appellants contend that the court erred: (1) In not holding as matter of law that Simonis was not negligent; (2) in submitting a question of the verdict in an improper form; and (3) in not holding as matter of law that the plaintiff was guilty of contributory negligence.

(1) The bases of this contention are that as sec. 85.16 (6), Stats., prohibits the passing at a road intersection of an automobile traveling in the same direction as the automobile passing; that Simonis in turning left might therefore rightly presume that the driver of a following automobile would not attempt to pass him at the intersection; and that he therefore owed no duty to look out for Zynda or to ascertain whether it was dangerous on account of Zynda's proximity to make the turn north.

The evidentiary facts bearing particularly upon the negligence of Simonis as the jury might properly find them to be are that it was 10 o'clock at night in May and the headlights of both cars were burning. Zynda's lights reached three hundred or four hundred feet ahead. Simonis had noticed in

his rear-view mirror that a car was on the road behind him, but had not noticed its speed or distance behind. Simonis was not familiar with the road and was traveling about twenty miles per hour. He was looking for a crossroad he was intending to turn north upon which led to a dance hall to which he and two girls with him were going to attend a dance. He had shortly before started to turn north, mistaking a farm driveway for the crossroad, and had been corrected by Henrietta who knew the road and had told him that the turn to take was the next one to the left. This turn was three hundred feet ahead of the farm entrance. At the time Simonis was approaching and making the turn Henrietta was reaching into the side pocket of the car immediately at her right for some chewing gum, which Simonis had told her was there. Simonis had discovered the road, however, and as no cars were approaching from the east he started to make the turn. He testified that he looked in the mirror but saw no car behind. He did not look to his left. He discovered the crossroad timely and started a gradual turn before reaching the intersection. The place of the accident was a short distance east of a village, and the road was straight and level. When Zynda left the village Simonis was about three hundred feet ahead of him. Zynda was traveling at least forty-five miles per hour as he overtook Simonis, and as he turned out to pass him he increased his speed to at least fifty miles per hour, and the jury might properly infer that he was going much faster. Zynda blew his horn three or four times, but the occupants of the other car did not hear it. Simonis gave no signal of his intention to turn left on the crossroad. The three occupants of his car were in the same seat, the other girl between Simonis and Henrietta. Zynda started to turn out to pass when about fifty feet from Simonis, who had nearly reached the north edge of the pavement with the rear of his car when the collision occurred.

From these facts we are of opinion that the questions of the verdict as to the negligence of Simonis were clearly for

the jury to decide, and their answers thereto cannot be disturbed. It was certainly the duty of Simonis to look to his left for approaching traffic from the north on the crossroad, and had he done so he must have observed the lights from Zynda's car in turning out to pass him. This would have disclosed the dangerous proximity of Zynda's car, and of itself justifies the findings of the jury objected to. Sec. 85.16 (2), Stats., provides that a driver in a roadway must not deviate from his lane of traffic without first ascertaining that his movement may be made in safety to vehicles approaching from his rear. This statute does not by its terms exempt intersections from the operation of its mandate, and we cannot imply any such exemption. It is urged that Simonis owed no duty of lookout to Zynda. Under the statute just stated, this is not correct. Because the statute uses the expression "safety to vehicles approaching from the rear" it cannot be inferred that its purpose is to prevent only injuries to vehicles. The duty imposed by it is to all persons in the vehicles who are likely to be injured by violation of the mandate of the statute. And if it were so that Simonis did not owe the duty of lookout to Zynda, it would not relieve him of the duty to his passengers to use ordinary care, under the circumstances, by act or omission, not to cause injury to them.

The appellants cite *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 249 N. W. 278, in support of their contentions respecting the negligence of Simonis. It is true that the facts in the two cases are in most material respects similar, and that in that case a truck driver who was traveling ahead of an automobile that was traveling at excessive speed and attempting without warning to pass him at his right at a busy street intersection was held free from negligence as matter of law, although he veered to his right to avoid a truck on the intersecting street. But there are distinguishing facts in the instant case. The truck driver looked for traffic on the intersecting street. Simonis did not. The truck driver

veered to avoid collision with a truck ahead on the intersecting street. Simonis did not make his turn to avoid a collision. It was broad daylight when the collision involved in the *Young Case* occurred, and there were no headlights of the car in the rear throwing their beams across the truck driver's line of travel when he turned, and the truck driver was not previously aware that the car was following him. And when the accident involved in the *Young Case* occurred, sec. 85.16 (2), Stats., was not in force. That accident occurred on August 27, 1929. That section was enacted by ch. 454, Laws of 1929, and went into effect sixty days after its publication, which was made on September 5, 1929. No provision similar to sec. 85.16 (2), Stats., is discoverable in ch. 85, Stats. 1927, which governed that case as far as statutory regulations were involved. The distinguishing facts noted clearly exempt the instant case from the rule of that case.

The respondents cite several cases involving statutory right of way at road intersections that are not without bearing upon the instant situation, to the effect that a driver having the right of way under the statute may not rely wholly upon the presumption that drivers at his left on the intersecting street will yield him the right of way, but is required to use due care as to lookout and in other respects, notwithstanding his statutory right. *Whyte v. Lindblom,* 216 Wis. 21, 255 N. W. 265, 256 N. W. 244; *Nelson v. Klemm,* 210 Wis. 432, 245 N. W. 657; *Rock v. Sarazen,* 209 Wis. 126, 244 N. W. 577; *Paluczak v. Jones,* 209 Wis. 640, 245 N. W. 655. The presumption that others will not violate the law is a circumstance to be considered in determining negligence but is not necesarily controlling. The 'fact of negligence is to be determined from all the facts in evidence, in view of the presumption.

(2) Objection is made to the form of question (3) (B) of the verdict: "Was Simonis negligent in driving and managing his car by turning to the north on the intersection when

he ought, in the exercise of ordinary care, to have known that Zynda was in dangerous proximity?" The ground of the objection is that the question assumes, by its form, that Simonis ought to have known that Zynda was in dangerous proximity. The objection would be well taken but for the fact that the instructions make clear to the jury that whether Simonis ought to have known of Zynda's dangerous proximity was a fact which the jury had to determine. The court stated to the jury in connection with the question:

"If you find the Zynda car was in dangerous proximity you should then determine whether in the exercise of ordinary care Simonis ought to have known of this dangerous proximity of the oncoming Zynda car, and having determined all these matters you should then determine whether or not Simonis under the facts and circumstances disclosed by the evidence, was negligent in turning north."

(3) Appellants claim that the plaintiff Henrietta was negligent as matter of law in reaching and searching for gum in the side pocket of the car. She momentarily turned facing partly toward the pocket in the door of the car immediately at her right and gave her attention to finding the gum that Simonis had told her was in the pocket. She was not under obligation to exercise the same attention as to lookout as the driver. *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 33, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208. Even momentary diversion of attention of the driver of a car may be found by the jury not to constitute negligence. *Duby v. Columbia County,* 194 Wis. 172, 215 N. W. 819; *Helgoe v. Bade,* 201 Wis. 193, 229 N. W. 541. We are of opinion that the question was for the jury and their finding cannot be disturbed.

*By the Court.*—The judgment of the circuit court is affirmed.