J. W. CARTAGE COMPANY and another, Respondents, vs. LAUFENBERG and another, Appellants.

*September 10—October 14, 1947.*

302

For the appellants there was a brief by *McCue, Regan & McCue* of Milwaukee, and oral argument by *John Regan.*

For the respondents there was a brief by *Lane & Harrington* of Milwaukee, and oral argument by *James W. Lane.*

BARLOW, J.   The accident out of which this action arose happened at the intersection of Racine street and Ray street in the city of Delavan, Wisconsin, February 19, 1946, about 4:15 p. m.   Racine street extends east and west, and is intersected at right angles by Ray street.   Both streets are concrete surfaced and about thirty feet wide, and were slippery at the time of the accident.   Defendant Laufenberg was operating a Studebaker sedan between twenty and twenty-five miles an hour in an easterly direction on Racine street, intending to turn north on Ray street and proceed to his home on that street.   August Corrao was operating an empty tractor-

trailer, owned by plaintiff J. W. Cartage Company, east on Racine street about twenty-five feet behind defendant's sedan as they approached the intersection. He was returning to Milwaukee from Janesville where he had delivered a load of empty cartons, and first noticed Laufenberg's car ahead of him about three fourths of a block west of the intersection where the accident happened. Laufenberg first observed the tractor-trailer when he was about one hundred fifty feet west of the intersection. Corrao testified he sounded his horn, indicating his intention to pass defendant's car, when he was in the center of the block west of the intersection and increased his speed to pass the defendant. He was traveling twenty-seven miles an hour and was on the left side of and even with defendant's car as they entered the intersection. Defendant and the driver of a car following the tractor-trailer testified they did not hear Corrao sound his horn. Defendant turned left without signaling, and the left front fender of his car struck the front of the tractor-trailer. Corrao turned left to avoid a collision and lost control of his tractor-trailer, striking a hydrant and then a tree on the northeast corner of the intersection, damaging the tractor so that it was later junked.

In a special verdict the jury found the defendant failed to exercise such care as the great mass of mankind ordinarily exercises when acting under the same or similar circumstances with respect to, (a) giving a plainly visible signal of intention to turn left, and (b) turning left at an intersection without first ascertaining that such movement could be made with safety to the plaintiff's vehicle approaching from the rear, and that such negligence was causal. The jury, however, found the defendant was not negligent with respect to the position of his car on the highway at the time he made the left turn. August Corrao was found guilty of causal negligence with respect to passing at an intersection, and negligence was apportioned sixty per cent to the defendant and forty per cent to August Corrao, driver of the Cartage Company tractor-trailer.

Defendant contends he was entitled to judgment on the verdict because the jury found he had his car in the right position to make a left turn at the time of making it as required by sec. 85.17 (2), Stats., and therefore was guilty of no negligence in making this left turn without giving any other plainly visible signal. It is argued that when the legislature repealed the statute requiring a signal for a left turn in 1935, the position of a driver's car at an intersection is the only warning necessary to indicate a left turn to those cars following him; that sec. 85.18 (1) requires the giving of a plainly visible signal of intention to turn left to approaching cars but it does not apply to cars that are following.

In making this argument defendant fails to give consideration to sec. 85.16 (2), Stats., which prohibits the operator of a vehicle from deviating from the traffic lane in which he is operating without first ascertaining that such movement can be made with safety to other vehicles approaching from the rear. Defendant observed the tractor-trailer following him when he was one hundred fifty feet from the intersection and made no observation of its position after that time. In the meantime the tractor-trailer moved alongside defendant's car on the left. Without any knowledge of where the tractor-trailer was he made the left turn, which could not be done with safety to the vehicle approaching from the rear. The provisions of sec. 85.16 (2) apply to the entire roadway, including intersections. *Cherney v. Simonis* (1936), 220 Wis. 339, 265 N. W. 203; *Stenson v. Schumacher* (1940), 234 Wis. 19, 290 N. W. 285. Defendant admits he knew the tractor-trailer was following him, and he is charged with the exercise of such care as the great mass of mankind ordinarily exercises when acting under the same or similar circumstances. The fact that he did not know the position of the tractor-trailer at the time of making the left turn does not excuse him, as he should have known its position before making the turn. The question of negligence of the defendant was submitted to the jury

under proper instructions, and there is ample evidence to sustain its findings.

The question of apportionment of negligence raises a more difficult question. Corrao was attempting to pass at an intersection. He was traveling twenty-seven miles an hour in a twenty-five-mile zone, by his own admission, although the question of speed was not submitted to the jury because it had not been placed in issue by the defendant in his pleadings. See *Maurer v. Fesing* (1940), 233 Wis. 565, 290 N. W. 191. Corrao was driving a tractor-trailer which weighed twenty thousand pounds and had an overall length of thirty-two feet. He did not start to pass defendant's car until he was about two hundred feet from the intersection. He testified that when he sounded his horn defendant turned his car to the right, or south, which he assumed was an invitation to pass. Defendant's car at the time was traveling between twenty and twenty-five miles an hour. The jury apparently failed to believe Corrao's testimony that defendant's car turned to the right or that defendant had deviated from his regular route of travel prior to the time he made the left turn, because it found his car was in proper position to make the left turn at the time it was made. This means plaintiff's tractor-trailer was north of the center of the highway while attempting to pass. Under the conditions it was impossible to pass defendant's car prior to reaching the intersection from the point where Corrao started to pass. It was unlawful for him to pass in the intersection, and defendant had a right to assume no one would attempt to pass in the intersection.

Defendant was guilty of negligence by deviating from the traffic lane in which he was operating his car without first ascertaining that such movement could be made with safety to vehicles approaching from the rear, and Corrao, driver of the large tractor-trailer equipment was guilty of negligence by attempting to pass in an intersection. While we are well aware that the comparison of negligence was for the jury, from a

careful examination of all the evidence it is considered that the driver of plaintiff's tractor-trailer was guilty of at least as much causal negligence as the defendant. This requires a reversal of the judgment.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing plaintiffs' complaint.