KAESTNER, Respondent, vs. PREFERRED ACCIDENT INSURANCE COMPANY, Appellant.*

*March 8—April 5, 1950.*

* Motion for rehearing denied, without costs, on June 6, 1950.

*John V. Evans* of Kenosha, for the appellant.

For the respondent there was a brief by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *Carl R. Becker*.

BROWN, J. Plaintiff's version of the accident differed materially from that of Clemons, particularly in respect to the courses steered by Clemons in the last one hundred twenty-five feet before the collision. As an overtaking driver plaintiff was in position to see and to know whereof he spoke and his credibility was for the trial court. The findings of fact embraced plaintiff's version and are in accord with his evidence and that of the passengers in his car. While contrary to appellant's version, they are not contrary to the great weight and clear preponderance of the testimony.

Appellant has prepared a schedule of time, space, and relative positions of the two automobiles designed to demonstrate that the Kaestner testimony is incredible. The schedule is based on the hypothetical speed of each automobile at intervals of seconds before the collision. Evidence of speed, time, and distance was necessarily by estimate only and we do not consider that this schedule prepared from such estimates does or can demonstrate that the collision must have occurred otherwise than as plaintiff said or the court found.

Appellant submits that, as this collision took place when Clemons was making a left turn at an intersection and the trial court has found plaintiff negligent in attempting to pass at an intersection, plaintiff's negligence was at least equal to that of Clemons, citing *J. W. Cartage Co. v. Laufenberg,* (1947), 251 Wis. 301, 28 N. W. (2d) 925. There is at least one significant and controlling difference in the facts of that case and the present one, namely, the collision in the former took place at an intersection where passing was unlawful and ". . . defendant had a right to assume no one would attempt to pass in the intersection." (251 Wis. 301, 305.) Clemons, however, was approaching an intersection in the open country, as the exhibits show, upon a highway properly marked by traffic lanes. Passing at such a place is not unlawful (see sec. 85.16 (6), Stats.), and defendant did not have the right to assume no one would do so. Indeed plain-

tiff had blown his horn to warn that he expected to pass. The circumstances in the two cases are so different that we consider the learned trial court was not required to treat the *J. W. Cartage Co. v. Laufenberg Case, supra,* as authority compelling an equal division of causal negligence in the cause on trial.

*By the Court.*—Judgment affirmed.