LE MERE, Respondent, v. LE MERE and another, Appellants.

*December 3, 1958—January 2, 1959.*

For the appellants there was a brief by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *Fred N. Trowbridge*.

For the respondent there was a brief by *David, Soquet & Cherney* of Green Bay, and oral argument by *Colburn G. Cherney*.

WINGERT, J. Appellants contend (1) that Mrs. Le Mere's negligence with respect to lookout was a cause of the accident as a matter of law, and that therefore the trial court erred in refusing to change the negative answer to the causation question and grant a new trial for the apportionment of negligence; and (2) that the trial court erred in refusing to submit questions as to whether or not the defendant was negligent in proceeding into a known hazardous condition, and as to assumption of risk by the plaintiff by riding with him with full knowledge of that condition. We find no error, however, and the judgment will be affirmed.

1. *Plaintiff's negligence not necessarily causal.* The road was rough for a short distance before the railroad crossing, and was visibly in bad condition in the area a little west of the track, where the accident occurred. Plaintiff knew of the rutty condition, but testified that after crossing the track she was watching her baby on the seat beside her, and did not look at the road at all.

It does not necessarily follow that plaintiff's failure to watch the road was a substantial factor in causing the accident. The jury may have considered that while Mrs. Le Mere should have kept some minimum lookout ahead, in view of the uncertain condition of the road, nevertheless had she been watching she would not have had time to see the particular rut or hole into which the wheel fell, appreciate that the driver was unaware of it and likely to slip into it, react, and warn the driver in time so that he could have changed the course of the car and avoided the rut. Apparently it was a narrow rut running lengthwise of the road, only 20 to 50 feet beyond the rise in the road at the railroad crossing. There was room for the jury to believe that by the time a warning was called for, it would have been too late for it to be ·effective. Even the most-careful passenger can hardly be expected to detect the danger of the driver slipping into a particular rut any considerable distance before reach-

ing it, when its avoidance is only a matter of steering a few inches to the right or left. Guests in an automobile are not required to keep as sharp a lookout as the driver (*Cherney v. Simonis,* 220 Wis. 339, 345, 265 N. W. 203), nor to voice warnings of every possible hazard, where there is nothing in the situation or in the previous manner of driving to suggest that the operator of the car may steer into trouble if not warned. Even where the passenger has fallen asleep, his negligence in that respect is not the cause of the accident if, had he been awake and seen the obstacle, he would not have anticipated that the driver would not seasonably turn and avoid it until too late to prevent the collision by action on the passenger's part. *Schmidt v. Leuthener,* 199 Wis. 567, 570, 227 N. W. 17; *Forbes v. Forbes,* 226 Wis. 477, 480, 277 N. W. 112.

The court instructed the jury that it was the duty of Mrs. Le Mere to maintain a proper lookout "to the end that she might be able to give warning to the driver of any danger of which she had reason to believe he might not be aware." Appellants' counsel contends that under this instruction the jury must have found that Mrs. Le Mere was wanting in ordinary care when she failed to keep not only a general lookout, but failed to see the particular rut and the driver's progress toward it in time to give an effective warning; and that she would have been able to warn him in time to be effective, if she had kept a proper lookout. Therefore, it is argued, since a warning could and should have been given in time to avoid the accident, plaintiff's failure in timely and appropriate lookout was necessarily a substantial contributing factor in causing the accident.

The argument is resourceful and ingenious, but we are not persuaded that it is sound. The instruction relied upon in counsel's interpretation of the verdict merely stated a duty to maintain a lookout so that the driver might be warned of danger "of which she had reason to believe he might not be

aware." The jury may have felt that complete inattention to the road ahead was wanting in ordinary care, because in the circumstances then prevailing dangers might have arisen of which Mrs. Le Mere would have reason to believe her husband might not be aware, and the jury may also have reasonably determined that in the particular instance of a narrow rut with a surprisingly deep hole, so soon after crossing the railroad track, plaintiff would not have seen it and have had reason to believe the driver might not be aware of it until too late to warn him effectively.

2. *Refusal of questions.* At the close of the testimony defendants asked the court to include in the special verdict questions as to whether Mr. Le Mere was negligent in driving into a known hazardous condition, and whether Mrs. Le Mere assumed the risk of his doing so. Refusal of such questions is assigned as error. It is not contended that the passenger assumed the risk of the driver's negligence with respect to lookout, and such a contention could not prevail, since his failure of lookout was a momentary matter. *Bronk v. Mijal,* 275 Wis. 194, 202, 81 N. W. (2d) 481.

We agree with the trial court that there was no evidence in the present record which would have justified submitting those questions to the jury. The road was rough and rutty in spots, but there is no evidence that it was impassable or dangerous to a car properly driven. There was no evidence on which the jury could have concluded that a driver in the exercise of ordinary care would have turned around when he came to the small rutty area instead of trying to negotiate it. Portions of the road in that area were in good enough condition to permit a carefully driven car to pass without harm. After the accident Mr. Le Mere backed the car out of the rut and proceeded ahead along the road without further difficulty.

By the same token, there was no evidence on which a finding of assumption of risk by the plaintiff could have been

founded. The accident arose not from a road so bad that it was negligent to traverse it at all, but rather from the driver's failure to steer away from a small rut or hole and keep to the readily travelable portion of the road.

*By the Court.*—Judgment affirmed.