LAMPERTIUS, Appellant, v. CHMIELEWSKI and another, Respondents.

*February 5—March 3, 1959.*

For the appellant there was a brief and oral argument by *Michael J. Dunn* and *James J. Bonifas,* both of Milwaukee.

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis.*

FAIRCHILD, J. The trial court reluctantly submitted to the jury the questions inquiring whether Mrs. Lampertius was causally negligent in respect to lookout. On motions after verdict, however, the court decided that there was evidence to support the answers to those questions and dismissed the complaint. The court said:

"The plaintiff herself testified that from her position in the rear seat of her husband's automobile she saw the Chmielewski automobile approaching some distance east of the east crosswalk of Ninth street. She further testified that she saw the left-turn signal on the Chmielewski automobile flashing intermittently. No word passed from the plaintiff to the husband driver, and it is significant that the jury found Mr. Lampertius, the husband driver, causally negligent in respect to the speed at which he was driving his automobile just prior to the collision. There is testimony which the jury could have considered to be credible that the street was slippery and that it was snowing; and in view of all of the evidence in the case the court now considers the finding by the jury in respect to the causal negligence of the plaintiff to have been substantiated by evidence which the jury had a right to consider credible.

"It is further considered that in view of the finding of excessive speed on the part of the host-driver, Clarence

Lampertius, there was a real duty upon the part of the plaintiff to have warned the husband."

With all respect, however, we are unable to agree.

"In *Goehmann v. National Biscuit Co.* (1931), 204 Wis. 427, 429, 235 N. W. 792, this court held that it is a general rule that passengers in an automobile must exercise due care for their own safety, and that this requires that they keep a proper lookout to warn the driver of approaching danger. . . . A guest is not held to the same degree of care with respect to lookout that is required of the driver, and one sitting in the rear seat is held to a lesser degree of care than one sitting in the front seat. . . . In almost all instances the issue of the contributory negligence of a guest is for the jury to determine." *Vandenack v. Crosby* (1957), 275 Wis. 421, 434, 82 N. W. (2d) 307.

There have been cases, however, where a guest's failure to see did not raise a jury question as to negligence as to lookout. In *Puccio v. Mathewson* (1951), 260 Wis. 258, 270, 50 N. W. (2d) 390, this court set aside a jury finding of negligent lookout on the part of a guest who sat in the front seat, looking at and conversing with another guest. In *Lewis v. Leiterman* (1958), 4 Wis. (2d) 592, 598, 91 N. W. (2d) 89, we upheld the refusal of the trial judge to submit questions as to guests' causal negligence as to lookout.

"Guests in an automobile are not required to keep as sharp a lookout as the driver (*Cherney v. Simonis*, 220 Wis. 339, 345, 265 N. W. 203), nor to voice warnings of every possible hazard, where there is nothing in the situation or in the previous manner of driving to suggest that the operator of the car may steer into trouble if not warned. Even where the passenger has fallen asleep, his negligence in that respect is not the cause of the accident if, had he been awake and seen the obstacle, he would not have anticipated that the driver

would not seasonably turn and avoid it until too late to prevent the collision by action on the passenger's part." *Le Mere v. Le Mere,* ante, pp. 58, 61, 94 N. W. (2d) 166.

With these rules in mind, we examine the facts of the instant case: Mrs. Lampertius was seated behind the driver. She saw the Chmielewski car approaching or entering the intersection with its left-turn signal in operation. Did she then have a duty to warn her husband? Did she have a duty to continue to watch it until it began its turn? An affirmative answer would, in the opinion of the majority of the court, impose too great a duty upon a rear-seat passenger under the particular circumstances of this case. The jury found that Mr. Lampertius' lookout was adequate. Even if he had been found negligent in this respect, there is no evidence that she had reason to believe he did not see the Chmielewski car. Had Mrs. Lampertius been watching the Chmielewski car at all times, it would be speculative to say that a warning given after it began to turn would have been in time to be effective.

Several members of the court are of the opinion that there was a jury question as to causal negligence of Mrs. Lampertius; that the answers finding her causally negligent are merely inconsistent with the finding that the driver, who had the greater duty, was not negligent as to lookout (*Stuart v. Winnie* (1935), 217 Wis. 298, 303, 258 N. W. 611) ; and that there should be a new trial. A majority, however, conclude that there was no jury question as to negligence on her part; the answers to the questions on her negligence should be changed and the answers to the comparison question struck out; and judgment should be rendered on the verdict as amended. Because the settlement between plaintiff and Mr. Lampertius and his insurer satisfied one half the liability, the judgment should be against Miss Chmielewski and her insurer for one half the damages.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of plaintiff in accordance with the opinion.