JAMES S. HOLMBERG v. CHARLES E. VILLAUME AND ANOTHER.[1]

March 21, 1924.

No. 23,848.

**Automobile driver liable when another's negligence is cause of accident.**

1. The driver of an automobile on a public highway, may be held liable for an accident occasioned through his negligent driving, although the immediate cause of the accident was the negligent act of a third party.

[1]Reported in 197 N. W. 849.

**Driver may be liable for all mishaps resulting proximately from his unlawful act.**

2. Where a chain of events has been started, due to the negligence of the driver of an automobile, he may be held liable for all mishaps which are properly the proximate result of his unlawful conduct.

**In case of concurrent negligence, damages may be recovered from first wrong-doer.**

3. Where the concurrent or successive negligence of two persons results in an injury to a third person, the injured person may recover damages from the one guilty of the first wrong, notwithstanding the second party's negligence.

Two actions in the district court for Ramsey county, one by James S. Holmberg, as father of Myrvin L. Holmberg, a minor, to recover $20,100 for injuries received by the minor, and the other by James S. Holmberg, as an individual, to recover $1,750 for hospital and medical expenses incurred because of the injuries suffered by his son. The cases were tried together before Michael, J., who when plaintiff rested denied separate motions of defendants to dismiss the action, and at the close of all the testimony denied separate motions of defendants for a directed verdict, and a jury which returned verdicts for $7,000 and $1,704.40, respectively. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant Villaume appealed. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *Tracy J. Peycke*, for appellant.

*Olof L. Bruce*, for respondent.

QUINN, J.

The first case above entitled was brought by the father, on behalf of the son, for personal injuries and the second by the father in his own behalf to recover for medical and hospital care, and the loss of service of his son. The two cases were consolidated and tried as one. In each case there was a verdict against both defendants in the sums of $7,000 and $1,704.40, respectively. From an order denying his alternate motion for judgment or for a new trial, the defendant Villaume appealed.

The son was 19 years of age. He was driving south in an automobile on the White Bear road, then newly paved, after dark on the evening of October 22, 1921. At the place in question the pavement was straight and level, 24 feet in width, with new dirt shoulders on either side. It had been raining during the early part of the evening and the dirt from the shoulders had washed onto the sides of the pavement, causing it to be slippery. When the son reached the point referred to, he drove his car to his right and stopped near the west edge of the pavement. He got out to look at his motor·. Both his front and rear lamps were lighted. Several passengers were in his car. At this period Dr. Poirier drove by from the south on the east side of the pavement. At this moment Villaume was approaching from the north in his Hudson car. When he first saw the rear red light on the boy's car, he could not determine whether it was standing still or going forward. As he neared the light he discovered that it was not moving. At this time he first saw Dr. Poirier's car approaching. Appellant then applied his brakes and his car began to skid on the slippery pavement. It came in contact with Dr. Poirer's car at a point about 150 feet north of the boy's car. It continued to skid and his west rear wheel struck the east rear wheel of the boy's car, then turned to the east and stopped with the front wheels very near to the east side of the pavement. The impact drove the boy's car some 8 or 10 feet ahead so that the two cars were something like 8 feet apart. At this crucial moment came the defendant Anderson from the north in his car· From some distance he saw the light on the boy's car and the Villaume car. The boy was standing at the west edge of the pavement near the rear of his car. As Anderson approached he swerved his car to the west striking the boy and his car, causing the injury complained of.

The only question urged upon this appeal is whether the court was justified in holding that the appellant's negligence, as alleged and proven, was a proximate cause of the injury. It is insisted on behalf of the appellant that, if any chain of causation between the negligent handling of his car and the injury arose, it was broken by an efficient intervening cause—viz., the negligence of Anderson

in handling his car after appellant's car had come to a stand-still. It is claimed that, with careful driving, there was sufficient space between the two standing cars for Anderson to have passed between and avoided the accident, i. e., if there was negligence on the part of appellant in driving his car, it had ceased prior to the time of the accident.

We are unable to adopt appellant's view of the situation. The statute provides that no person shall drive a motor car upon any of the public highways at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway, nor shall he drive so as to endanger the life or limb, or injure the property of any person. It is the duty of every driver of a motor car upon any highway to use his faculties and keep a reasonable lookout, not only for others in the use of the highway, but to the conditions of the road as well, and to the keeping of his vehicle under reasonable control.

The question of negligence primarily depends upon whether due care was observed under the conditions which existed. A rate of speed which may be moderate and proper under some circumstances, under other conditions may be a reckless rate. Lauson v. Fond Du Lac, 141 Wis. 57, 123 N. W. 629, 135 Am. St· 30, L. R. A. (N. S.) 40. As a general rule where the driver of an automobile runs it at an excessive rate of speed, he is not liable for an injury to another, unless it was proximately caused by the excessive speed. Eichman v. Buchheit, 128 Wis. 385, 107 N. W. 325, 8 Ann· Cas. 435. But he may be held liable for an accident occurring through the negligent operation of his machine, although the immediate cause of the accident was the negligent act of a third party in the operation of his car, i. e., where a chain of events has been started, due to the negligence of the driver of an automobile, he may be held liable for all mishaps which are properly the proximate result of his unlawful conduct. Upton v. Windham, 75 Conn. 288, 53 Atl. 660, 96 Am. St. 197; Campbell v. City of Stillwater, 32 Minn. 308, 20 N. W. 320, 50 Am. Rep. 567; Dugan v. St. Paul & D. R. Co. 40 Minn. 544, 42 N. W. 538; Butler-Ryan

Co. v· Williams, 84 Minn. 447, 454, 88 N. W. 3; Dieters v. St. Paul Gaslight Co. 86 Minn. 474, 479, 91 N. W. 15; Perry v. Tozer, 90 Minn. 431, 438, 97 N. W. 137, 101 Am. St. 416; Campbell v. Ry. Transfer Co. 95 Minn. 375, 379, 104 N. W. 547; Gillespie v. Great Northern Ry. Co. 124 Minn. 1, 8, 144 N. W. 466; Peterson v. Martin, 138 Minn. 195, 164 N. W. 813; 2 Dunnell, Minn. Digest, § 7006, cases cited.

In the case before us, the pavement was but 24 feet wide, and was wet and slippery. The night was dark. The jury, by their verdict, found the appellant guilty of negligence in handling his automobile. He lost complete control over it when he approached within about 150 feet of the boy's car. He set his brakes and his machine began to skid, first bumping the doctor's car, then the boy's car, and then swerving to the east, stopping crosswise in the road, with the front wheels of the car at the east edge of the pavement and the rear end so near the boy's car that it would have been difficult to pass between with an auto. Within 30 seconds Anderson's car swept down upon this scene. He swerved his car to the right instead of hazarding the risk of attempting to pass between the two standing cars. It is difficult to understand how it can be said that the negligence of Villaume did not contribute directly to the injury. It caused an extremely dangerous situation which undoubtedly prompted Anderson to turn to the right. In our opinion the case comes directly within the rule above stated. In submitting the case, the learned trial court instructed the jury in part as follows:

"If the car of Villaume was standing across the highway by reason of negligence of Villaume, and its presence in that position directly contributed to the happening of the subsequent collision of the Anderson car, then it would render the defendant Villaume liable in this case."

This instruction was as favorable as appellant was entitled to, under the circumstances of the case.

Affirmed.