Svenson, Appellant, vs. Vondrak, Respondent.

*October 11, 1929—January 7, 1930.*

314

For the appellant there were briefs by *Godfrey, Amlie & Arnold* of Elkhorn, and oral argument by *Thomas A. Amlie* and *Alfred E. Godfrey.*

For the respondent there was a brief by *Charles E. Wilson* and *William A. Sheldon,* both of Elkhorn, attorneys, and *Charles E. Heckler* of Chicago, of counsel, and oral argument by *Mr. Wilson* and *Mr. Heckler.*

The following opinion was filed November 5, 1929:

OWEN, J. The question is whether the court committed error in changing the answers of the jury to the questions relating to. plaintiff's negligence, as indicated in the statement of facts. Under the familiar rule, the verdict of the jury should not have been disturbed if there was any evidence to support it.

The evidence shows that there was a stop sign on county trunk O between forty and forty-eight feet distant from the concrete on state trunk highway 89. The evidence does not disclose the exact distance of this sign from the state highway or from the concrete thereon. Plaintiff testified that it was forty or forty-eight feet distant from the concrete. He also testified positively that he stopped at this sign, threw his car into second gear, and proceeded in second gear at a rate of speed of from ten to fifteen miles an hour until he came to a point fifteen feet distant from the concrete on the state highway, when he looked to the south, saw the defendant's automobile coming about 200 feet distant, decided that he had ample time to safely enter the state trunk highway, stepped on the gas, entered the highway to the right of the intersection, had straightened his car out on the right-hand side of the state highway parallel with the concrete thereon, with both right-hand wheels on the gravel to the right-hand side of the concrete, when his automobile was struck by defendant's oncoming automobile, and that the defendant, before striking his automobile, had crossed to his left-hand side of the road. There is testimony in the case undisputed that after the collision black marks were

seen on the highway for a distance of from forty to sixty feet, undoubtedly made by the locked wheels of the defendant's car, indicating that just before the accident the defendant's car swerved to the left-hand side of the road, and that such marks ended at the left-hand side of the concrete.

In the opinion of the court, rendered on motions after verdict, it is said that the plaintiff made no legal or efficacious stop in approaching highway 89. The plaintiff testified positively that he did stop at the sign at said highway. The court, however, says:

"It was not enough to stop at the 'Stop' sign. It was his duty to stop and to observe where stopping and observing would be efficient and meet the purpose of the 'Stop' warning."

The evidence does leave some doubt as to whether an automobile approaching from the south on highway 89 can be seen from the stop sign on county trunk O, and we agree with the statement of the court that it is the duty of one approaching an arterial highway to stop at a point somewhere between the stop sign and the arterial where one may efficiently observe traffic approaching on the arterial highway. However, the evidence in this case shows that from the stop sign to the concrete on highway 89 the plaintiff proceeded at a slow rate of speed, and when he was within fifteen feet of the concrete he saw the defendant's car coming at a distance of 200 feet, and that he not only estimated that he had sufficient time to safely enter the arterial, but the facts show that before the collision occurred he had safely entered the arterial, crossed to his right-hand side of the concrete, straightened his car out parallel with the concrete, with both right-hand wheels on the gravel to the right of the concrete. This is the plaintiff's evidence, and not only his evidence but the evidence of other witnesses shows that the defendant's car swerved to the left-hand side of the road, as indicated by the black marks, and

that the collision occurred at a point where the plaintiff had a right to be and the defendant had no right to be.

In view of this situation, it cannot be said as a matter of law that the failure of the plaintiff to stop at some point between the stop sign and the concrete constituted the proximate cause of the collision. Neither can it be said as a matter of law that the plaintiff operated his automobile recklessly, or at a rate of speed greater than was reasonable and proper with due regard to the width, surface, traffic, and use of the highways and the rules of the road, or so as to endanger the property, life, or limb of any person. It may be that his entry upon the highway under the circumstances created an emergency for the defendant, and that the swerving of his car to the left-hand side of the road was due to the sudden and efficient application of the brakes. We are not prepared to say that the jury might not have reached such a conclusion. But in view of the fact that the plaintiff had safely reached his proper place on the highway before the collision occurred, it is not apparent how it can be so held as a matter of law. We hold that the situation presented a jury question and that the verdict of the jury should not have been disturbed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment in favor of the plaintiff upon the special verdict.

A motion for a rehearing was denied, with $25 costs, on January 7, 1930.