NICHOLSON and another, Respondents, vs. SCHROEDER and others, Appellants.

*October 17—November 11, 1930.*

For the appellants there was a brief by *Sol P. Huntington* of Green Bay, attorney, and *J. L. Burden* of Chicago of counsel, and oral argument by *Mr. Huntington.*

*Robert A. Kaftan,* attorney, and *Raymond J. Rahr* of counsel, both of Green Bay, for the respondents.

OWEN, J. On the 11th day of September, 1929, the plaintiffs' delivery truck was being driven east on Cass street, in the city of Green Bay, by Francis Bertrand, plaintiffs' employee. At the intersection of Cass and Roosevelt streets a collision occurred between plaintiffs' truck and a Ford coupé owned by the defendants Schroeder, resulting in damage to the truck, to recover which this action was brought. Upon a special verdict, judgment was entered in favor of the plaintiffs. We conclude that this judgment must be reversed because of the contributory negligence of the driver of the truck.

According to the testimony of plaintiffs' driver, when he was fifty feet from the intersection he had a clear view of Cass street south for a distance of four hundred feet, and when he was twenty-five feet from the intersection he could have seen almost to the next block, said to have been a distance of almost four hundred and eighty feet. While upon his direct examination he made some pretense that he looked to the south as he approached the intersection and did not see anything, it is apparent from his own testimony that if he had looked he would have seen the Ford coupé. Upon his cross-examination he admitted that if there had been a car within two hundred or four hundred feet of the intersection, he could have seen it before he got into the intersection, but that, as a matter of fact, he did not see the defendants' car approaching until the engine of the truck he was driving crossed the center line of Roosevelt street,

his expression being, "I may have seen him; I didn't pay no attention to him."

It thus appears that the driver of plaintiffs' truck was totally oblivious of the approach of defendants' car until the moment of impact, although his outlook was unobscured and he lacked no opportunity for discovering its approach. That he exercised no care at all and maintained no lookout whatever is plainly indicated by his own statement, "I may have seen him; I didn't pay no attention to him." Had he looked he must have seen the approach of defendants' Ford coupé, whatever its rate of speed. There is no evidence that his attention was diverted. No reason is assigned why he should not have seen it. Had he seen it, the exercise of the slightest care on his part would have avoided the collision. Under such circumstances the driver of plaintiffs' truck must be held guilty of contributory negligence as a matter of law, for which reason no damages can be recovered.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint.