PETTERA, Respondent, vs. COLLINS, Appellant.

*November 13—December 9, 1930.*

For the appellant there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *Arthur W. Kopp.*

For the respondent there was a brief by *Harry E. Carthew* of Lancaster and *David Gardner, Jr.* of Platteville, and oral argument by *Mr. Carthew.*

OWEN, J.   On October 5, 1929, the plaintiff was driving west on what is known as the Military Road in Grant county.

The defendant at the same time was driving north on state trunk highway 18. At the intersection of the said Military Road with said state trunk highway 18 the plaintiff's car and the defendant's car collided. This action is brought to recover personal and property damage sustained by the plaintiff. The jury found the defendant guilty of negligence, exonerated the plaintiff from contributory negligence, and assessed damages in favor of the plaintiff. Upon motions made after verdict, the trial court refused to change the answer of the jury to the question which exonerated the plaintiff from contributory negligence, and granted a new trial in its discretion because the damages were inadequate. The defendant appeals from each of these orders, contends that there is no evidence to establish his negligence, and that the contributory negligence of the plaintiff appears as a matter of law.

The evidence abundantly establishes the negligence of the defendant. It just as clearly, however, establishes the contributory negligence of the plaintiff. The evidence shows that as the plaintiff was driving along the Military Road in a westerly direction he stopped his car at the "Stop" sign as he approached the intersection of the old Military Road with state trunk highway 18. This was about twenty-five feet from the traveled track of highway 18. At that point he could not see the car approaching from the south on highway 18 because of the presence of a high bank and other obstructions to the vision. Neither was it possible to discover a car coming from the south until he approached within five or six feet of the traveled part of highway 18. According to his own testimony, it would be necessary for him to go ten or fifteen feet west of the east fence line of highway 18 before he could see more than twenty feet to the south. After stopping at the "Stop" sign, where it was impossible to see a car approaching from the south, he proceeded westerly and, according to his own testimony, did

not look to the south again until he was entering upon the traveled track of highway 18. At this point it was possible to see to the south sixty-two rods, but, although he said he looked, he did not see the defendant approaching. He proceeded to cross the traveled track on highway 18, and as the rear wheels of his car crossed the center of said highway 18 the rear portion of his car was struck by the defendant's car.

It is perfectly apparent that it was futile for the plaintiff to look to the south with a view of discovering a car approaching from that direction until about the time he says he made his second observation. It is undisputed, in fact it is in accordance with plaintiff's own testimony, that at the place where he says he made his second observation he could have seen south a distance of sixty-two rods, and in view of the fact that he proceeded scarcely more than thirty feet from that time until the collision occurred, the conclusion is inevitable that the defendant's car was in plain sight at the time of the alleged second observation. "Under such circumstances a person is presumed not to have looked, or to have heedlessly submitted himself to the danger. He is not permitted to say that he looked when, if he had looked, he must have seen that which was in plain sight." *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 648, 218 N. W. 85, and cases there cited. Applying this principle to the facts and circumstances of this case, it must be concluded that plaintiff did not look to the south at any point where he could see far enough to discover the defendant's approaching automobile and the danger to which he subjected himself in attempting to cross highway 18. "It was not enough to stop at the 'Stop' sign. It was his duty to stop and to observe where stopping and observing would be efficient and meet the purpose of the 'Stop' warning." *Svenson v. Vondrak,* 200 Wis. 312, 227 N. W. 240.

The conclusion that plaintiff made no efficient observation

follows from his own admission that he did not discover the approach of the defendant's car prior to the time of the collision, because if he had looked he must have discovered it. We see no theory upon which plaintiff may be exonerated of contributory negligence resulting from his failure to look to the south before attempting to cross the traveled portion of highway 18.

It is said that the case is governed in favor of the respondent by *Svenson v. Vondrak,* 200 Wis. 312, 227 N. W. 240, but that case has no application to the situation here. There the plaintiff looked, saw the approaching automobile, and not only concluded that he had time to safely enter the highway ahead of the oncoming automobile, but the jury found that he did safely enter the highway and was on the right side thereof when the collision occurred. Here the plaintiff made no such estimate because he was unaware of the approach of defendant's car.

It follows that the trial court should have changed the answers of the jury to the questions relating to plaintiff's contributory negligence from "No" to "Yes" and rendered judgment in favor of the defendant, for which reason the order granting a new trial because of the inadequacy of the damages was erroneous.

*By the Court.*—Orders appealed from are reversed, and cause is remanded with instructions to change the answers of the jury to the questions designated (a) and (b) in subdivision 3 of the special verdict from "No" to "Yes," and to supply the answer "Yes" to the questions designated (a) and (b) in subdivision 4 of the special verdict, and to render judgment in favor of the defendant dismissing the complaint.