Thieme, Respondent, vs. Weyker and others, Appellants.

*September 18—October 13, 1931.*

For the appellants there was a brief by *Kearney, Kearney & Koelbel*, and oral argument by *Thomas M. Kearney, Jr.* and *Elmer D. Goodland*, all of Racine.

For the respondent there was a brief by *Beck, Smith & Heft*, attorneys, and *Harold A. Konnak* of counsel, all of Racine, and oral argument by *Lawrence H. Smith*.

FOWLER, J. The appellants claim that as matter of law the plaintiff was guilty of negligence for failure to keep a proper lookout, and that his such negligence contributed to cause the collision. They concede that the defendant was guilty of negligence for want of lookout but urge that the plaintiff was under as strict obligation to keep a lookout as was he. It is obvious that had the plaintiff looked on entering the intersection he would have seen the defendant, and that at the rate of speed he was traveling he could easily have avoided the collision. The plaintiff bases his claim of right to proceed without again looking on the hypothesis that he might rightly assume and act on the assumptions that any one approaching the intersection would be proceeding at a lawful rate of speed; that any one so approaching would not enter the intersection until after he did which would give him the right of way under sec. 85.18 (3), Stats.; and that one so approaching would yield the right of way and allow him to pass without interference.

However it might be otherwise, the plaintiff's conclusion is erroneous because the premise that a car approaching at a lawful rate of speed on the intersecting street would not reach the intersection until after the plaintiff is false. The house located on the east-and-west street eighty feet west of the curb of the north-and-south street so intercepted plaintiff's view that it is quite apparent that when plaintiff looked at a point one hundred feet or so from the intersection he could see no farther than one hundred feet down the intersecting street, and he testified that he saw down it one third of a block, which would be approximately that distance. Under this circumstance he could not then rightly assume that he would enter the intersection before another car approaching at a lawful rate of speed from the west. The approaching car was at plaintiff's right, and if the two cars reached the intersection at the same time the approaching car would have the right of way under sec. 85.18 (2), Stats. Thus the plaintiff was under obligation to look again before entering the intersection. The premise on which he legalizes his omission to look falling, his conclusion that he was under no obligation to look falls also. We cannot escape the conclusion that the jury were not warranted in acquitting him of negligence in this respect. It is obvious that had plaintiff looked just before entering the intersection or at any place within fifty feet from it, he would have seen the defendant so near and coming at such speed that a collision very apparently might occur unless he took action to prevent it. Preventive action was easy and would have been effective and he took no action whatever. This makes him negligent as matter of law. Both parties must be vigilant at street intersections to avoid collisions. Constant vigilance at street intersections is the price of safety. One must look at a point where his observation will be efficient for protection.

*Svenson v. Vondrak,* 200 Wis. 312, 227 N. W. 240; *Pettera v. Collins,* 203 Wis. 81, 233 N. W. 545; *Wallace v. Papke,* 201 Wis. 285, 229 N. W. 58.

The defendants moved for a directed verdict. Their motion should have been granted.

*By the Court.*—The judgment is reversed, with directions to enter judgment dismissing the complaint.