ROCK (NICK), Respondent, vs. SARAZEN, imp., Appellant.

*September 13—October 11, 1932.*

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas,* and oral argument by *L. E. Hart,* all of Madison.

For the respondent there was a brief by *W. H. Stafford* and *Harold E. Stafford,* attorneys, and *Henry Christoffersen* of counsel, all of Chippewa Falls, and oral argument by *Mr. Christoffersen* and *Mr. Harold E. Stafford.*

FOWLER, J. The main contention of the defendant is that upon the evidence the plaintiffs were guilty of negligence contributing to their injuries as matter of law. The undisputed evidence shows that the defendant was driving a truck north on an arterial highway paved with concrete. The plaintiff was driving an automobile west on a cross-road intending to turn south at the intersection with the arterial. There was a stop sign at the arterial which under the statute, sec. 89.69, required the plaintiff to stop before entering the intersection. According to the testimony of

the plaintiff and the other occupants of his automobile, whose testimony states the case most favorably for the plaintiff, the plaintiff's car came to a full stop when two feet from the concrete. The plaintiff looked to his left before proceeding and saw no vehicle approaching. At this point the plaintiff had a clear view south to the top of a hill, 450 feet from the intersection, and the top of the approaching truck was visible fifty or sixty feet beyond the hill top. Supposing no one was coming the plaintiff proceeded. The collision occurred at about the center of the intersection, when the plaintiff was turning or had just completed the turn south. The plaintiff was driving fifteen miles an hour when the vehicles met. In arriving at this speed from a full stop he averaged seven and a half miles an hour or eleven feet a second. He traveled not more than thirty feet at most from the point at which he looked, and it took him less than three seconds to traverse this distance. The point at which the defendant's truck was not visible from the place where plaintiff looked was 500 feet away. For the defendant to traverse 500 feet in the three seconds it took plaintiff to travel thirty, he would have to travel sixteen times as fast as plaintiff or 120 miles an hour. This was manifestly impossible. The truck was thus in plain sight when plaintiff says he looked. To look without seeing what is plainly visible is no better than not looking at all. It is negligence, using the term as synonymous with want of ordinary care, which is the sense in which the word was used in the question submitted to the jury. We are also of opinion that the plaintiff's want of care in this respect proximately contributed to produce the collision. It is manifest that had the plaintiff made an efficient observation he would have noticed the proximity of the truck and observed that at the rate it was approaching it would apparently collide with him if he proceeded, unless he took precautions

to avoid a collision. Although he had the right of way over the truck, he would have observed that the driver of the truck was not intending to yield it and would have refrained from attempting to cross ahead of the truck. It cannot be too forcibly brought to the attention of drivers of automobiles that vigilance at road and street intersections is absolutely essential to safety. *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 218 N. W. 85; *Wallace v. Papke,* 201 Wis. 285, 289, 229 N. W. 58; *Nicholson v. Schroeder,* 202 Wis. 517, 232 N. W. 872; *Pettera v. Collins,* 203 Wis. 81, 83, 84, 233 N. W. 545; *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389. It follows that the plaintiff's complaint should have been dismissed..

The same result follows as to the wife of plaintiff Nick Rock. Ordinarily that a guest does not observe approaching traffic cannot be held to be a want of ordinary care as a matter of law. *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208; *Paine v. Chicago & N. W. R. Co.* 208 Wis. 423, 243 N. W. 205. But here there was more than that. The wife testifies that the plaintiff stopped when two feet from the concrete; that she looked to the south and saw no one coming; that she then said to plaintiff that no one was coming and told him to go ahead. For her to look and not see what was in plain sight was just as clearly a want of ordinary care in looking as it was for her husband. Having looked, she should have seen what was clearly visible and warned the plaintiff against his proceeding if any traffic was in dangerous proximity. To request him to proceed in such a situation was clearly contributory negligence.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.