EBEL, Appellant, vs. REHORST, Respondent.

*May 11—June 6, 1933.*

For the appellant the cause was submitted on the brief of *Michael J. Dunn, Jr.* and *E. V. Novotny,* both of Milwaukee.

*D. J. Regan* of Milwaukee, for the respondent.

FOWLER, J. The plaintiff was struck on the crosswalk while crossing a city street by an automobile driven by the defendant on the far side of the street in its own lane of travel. The statutes in force at the time contained no provision giving pedestrians the right of way when crossing streets in the line of sidewalks. Before starting across the plaintiff looked both ways. She could see two blocks towards the west, whence defendant was coming. She saw no automobiles. She looked again while crossing the street and still saw nothing. When on or past the street-car tracks she was struck by the defendant's automobile. The defendant did not see her until close upon her. He turned to the left to go behind the plaintiff but she stepped back and was struck by the right front of the car. The plaintiff testified positively that she looked while crossing the street; that

there "was nothing no place;" and that she didn't know where the car came from. She admits that she stepped back and that the second time she looked she could easily see two blocks towards the west. The accident occurred before the enactment of the comparative negligence statute when contributory negligence was an absolute defense. The trial court granted a nonsuit on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The nonsuit was clearly right. It has many times been held by this court that travelers on a highway, whether pedestrians or drivers of automobiles, must look out for approaching traffic, and that they must not only look, but must look with such attentiveness and care as to see what is in plain sight, and that if they are injured because they fail to do so they are guilty of negligence as matter of law. As said in *Brickell v. Trecker,* 176 Wis. 557, 561, 186 N. W. 593, so here:

"Upon any conceivable construction of the evidence, the plaintiff had ample and unobstructed opportunity to discover the defendant's car in time to have avoided the injury. She could have discovered the oncoming car as soon as the defendant could have discovered her. If the defendant was guilty of negligence in not discovering plaintiff before she (he) did, the plaintiff was also guilty of negligence in not discovering the car of the defendant."

To the same effect are *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 218 N. W. 85; *Pettera v. Collins,* 203 Wis. 81, 233 N. W. 545; *Rock v. Sarazen,* 209 Wis. 126, 244 N. W. 577; *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801; *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389.

The cases of *West v. Day,* 193 Wis. 187, 212 N. W. 648, and *McDonald v. Wickstrand,* 206 Wis. 58, 238 N. W. 820, are relied on by the appellant as "identical with" the instant case. In the *Day Case* a thirteen-year-old girl was crossing the street. At the center of the street she looked and saw the defendant's car one-half a block away and judged she had

time to cross in safety. The *McDonald Case,* while otherwise similar in its facts to the case at bar, was ruled by sec. 85.44, Stats., not in force at the time of the accident here involved, requiring motorists to yield the right of way to pedestrians crossing streets on crosswalks at street intersections. We consider that because of the differences stated, these cases do not "govern" the instant case as contended by appellant.

*By the Court.*—The judgment of the circuit court is affirmed.