WHYTE (JESSEL S.), Respondent, vs. LINDBLOM and another, Appellants.

*May 9—September 11, 1934.*

For the appellants there were briefs by *Hammond &
Jones* of Kenosha, and oral argument by *Walter W.
Hammond.*

For the respondent there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Roy S. Stephenson.*

The following opinion was filed June 5, 1934:

FAIRCHILD, J. The accident happened at the crossing of two roads. The respondent undertook to maintain the lookout for his daughter who was driving the car, thus leaving her free to devote her undivided attention to the operation of the car. The daughter had had some recent experience as a driver and was anxious to demonstrate to her father the success she had attained. It is conceded that the daughter Harriet did not attempt to inform herself as to the presence of any approaching automobiles at the intersection. Respondent was riding in the front seat beside the driver. He testified that his daughter slowed down because of the intersection; that he looked to the north but did not see the Lindblom car; that he was unable to make any observation to the north until he was about thirty or thirty-five feet west of Third avenue; that at that point he could see possibly one hundred twenty-five to one hundred thirty feet north, and that at that time there was no car in sight. He stated that he did not see the Lindblom car until his own car, traveling at slightly less than twenty miles per hour, was twelve or fifteen feet into the intersection, almost half way across, and that at that time his attention was called to the Lindblom car, which was still eighty or ninety feet away, by the screeching of the latter's brakes.

His testimony continues to the effect that his car had advanced about fifteen feet further when it was struck by the Lindblom car. If respondent's description of the positions of the two cars is correct, then while his car was driving about fifteen feet at something less than twenty miles an hour, appellant's car was traveling eighty or ninety feet,

about five times as fast, or in the neighborhood of one hundred miles an hour. The appellant testified that when he first saw the Whyte car it was possibly seventy-five or eighty feet west of Third avenue and at that time appellant was one hundred or one hundred twenty-five feet north of the intersection; that when the Whyte car entered the intersection he was about at the north curb of Seventy-third street.

This brief description of the testimony referring to the situation of the cars serves to point out that this accident would not have happened had a proper lookout been maintained by respondent or the driver of the car in which he was riding. One entering an intersection, although having the advantage of the right of way, is not relieved of the duty of maintaining a proper lookout, and his negligence in this respect may be a proximate cause of resulting injury, for a failure of a driver reasonably to use available means to avoid a collision may constitute negligence. The regulations providing for the conduct of those responsible for the management of automobiles at intersections, as well as elsewhere, are based broadly on the needs of safety and in the expectation that a compliance with these rules will result in conduct with relation to speed, management, and control that will have a tendency at least to reduce to a minimum the likelihood of such accidents as we are here considering.

The physical conditions of this corner, appearing from photograph, testimony of engineers, and as supplemented by drawings and measurements, leave little or no room for doubt that, had respondent maintained a proper lookout, he would have seen appellant's car and taken its movements into consideration. The appellant's car must have been within his range of vision. The evidence does not support a finding that appellant's car was traveling so fast as to have reached this intersection and collided with respondent from a point out of sight on Third avenue while the respondent was traveling thirty feet. *Rock v. Sarazen,* 209 Wis. 126,

244 N. W. 577; *Neuser v. Thelen,* 209 Wis. 262, 244 N. W. 801; *Brown v. Haertel,* 210 Wis. 345, 244 N. W. 630; *Nicholson v. Schroeder,* 202 Wis. 517, 232 N. W. 872; *Pettera v. Collins,* 203 Wis. 81, 233. N. W. 545; *Thieme v. Weyker,* 205 Wis. 578, 238 N. W. 389; *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 218 N. W. 85.

With respect to lookout, appellant failed in a duty and is guilty of a want of ordinary care. The jury should have been so instructed and the questions with respect to lookout and to warning the driver should have been answered by the court "Yes." With these questions so answered, the jury would have been in a position to have given due weight and consideration to the question as to whether such negligence was a cause of the collision, and to have made a proper comparison of the acts of the parties so as to have arrived at a determination of the proportion of negligence on the part of respondent which was attributable to him.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.

The following memorandum was filed September 11, 1934:

PER CURIAM *(on motion for rehearing).* Motion for rehearing denied. We hold that the negligence of the plaintiff is so related to the collision involved in the case as to be a cause therefor. The mandate heretofore entered is amended so as to provide that the new trial shall be confined to the comparison of the negligence of the plaintiff and defendant and an assessment of damages in accordance therewith. Neither party to have costs on motion for rehearing.

A motion to clarify the mandate was denied, with $10 costs, on October 9, 1934.