BOKELKAMP, Appellant, vs. OLSON, Respondent.*

*January 18—February 15, 1949.*

* Motion for rehearing denied, with $25 costs, on April 12, 1949.

242

For the appellant there were briefs by *Johns, Roraff & Coleman* of La Crosse, and oral argument by *Leonard Roraff*.

For the respondent there was a brief by *Steele, Mau & Toepel* of La Crosse, and oral argument by *Eugene A. Toepel*.

BROADFOOT, J.   The appellant contends that the charge to the jury as to the respective rights of the parties immediately before the collision was erroneous and misleading and constituted prejudicial error.   A portion of the charge was as follows:

"Now the defendant Olson was obliged to stop his automobile before entering Highway 16 and the exact point at which he was obliged to stop is not designated by any provision of the statute.   He must come to a stop at least at the time he reaches the stop and go sign and he must stop at such a place before entering the other highway, the arterial highway, as will give him a reasonable opportunity to make observation of people approaching from his left especially and from his right as well on the arterial highway.   In other words, he should stop where stopping and observing will be of use to him and it is for you to determine whether or not the stop was made at a point where he could reasonably make an observation of the highway that he was about to enter.   It isn't necessary that he stop and make an observation that will enable him to see miles down either way on the highway he is approaching, but I think it is a fair statement of his duty that he is to stop at a point where he can see approaching cars about an equal distance from where he is on the approaching highway.   If he does that, he has complied with the statute with respect to stopping before entering an arterial highway."

This court has clearly defined the duty of a motorist approaching an arterial highway.   It has held that he must not

only stop before entering upon an arterial highway but he must stop and observe where an efficient observation may be had. *Svenson v. Vondrak* (1930), 200 Wis. 312, 227 N. W. 240; *Pettera v. Collins* (1930), 203 Wis. 81, 233 N. W. 545; *Gumm v. Koepke* (1938), 227 Wis. 635, 278 N. W. 447.

In this case it was the duty of the defendant to stop at some point south of the row of trees where he would have an unobstructed view of cars approaching on Highway 16 and he should have proceeded upon the highway only if he had reasonable grounds to conclude that he might do so with safety to himself and others. It has been held that this is true even if the approaching motorist had forfeited his right of way by excessive speed. *Paluczak v. Jones* (1932), 209 Wis. 640, 245 N. W. 655; *Canzoneri v. Heckert* (1936), 223 Wis. 25, 269 N. W. 716.

It is our opinion that the instruction given by the trial court as to the duty of the defendant upon approaching the arterial highway was erroneous; that it tended to mislead the jury; and that it constituted prejudicial error. This instruction was referred to in that part of the charge as to right of way, and upon that point it also tended to mislead the jury.

Other questions were raised upon the appeal, but in view of our decision herein it is not necessary that we pass upon them.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions for a new trial.