## KENNETH LEIKNES v. BERNARD WITTE, JR.

107 N. W. (2d) 870.

February 24, 1961—No. 38,108.

*Meagher, Geer, Markham & Anderson, Manson Reedal,* and *O. C. Adamson II,* for appellant.

*Schermer, Gensler & Shields,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order granting plaintiff a new trial exclusively for an alleged error of law in the charge to the jury.

In view of the nature of the appeal it will not be necessary to review the fact situation, except to say that plaintiff was injured at about 1 a. m., March 15, 1958, while walking across Washington Avenue from west to east between 22nd and 23rd Avenues North in Minneapolis. He was struck by a car operated by defendant. Shortly before the accident plaintiff had left a small tavern in the vicinity, where he had been for about 5½ hours during which time he sat in a booth and consumed a bottle of 3.2 beer or "maybe a couple of them." He

said that he had a "highball" before his dinner at noon that day and another before his supper at about 5:30 p. m.

There was a conflict in the testimony as to the speed of the defendant's car at the time of the accident, varying from 20 to "30, 35 or 40" miles per hour. Defendant places much emphasis on conflicts between his testimony and that of plaintiff with respect to the exact location where the impact occurred and claims that the skid-mark measurement conclusively establishes that the speed of his automobile was less than 30 miles per hour.

The trial judge instructed the jury that a violation of a traffic statute is negligence "unless there is some explanation for the violation which seems logical or justified to you under the circumstances."

He further instructed:

"Where no special hazard exists the following speeds shall be lawful, but any speed in excess of such limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful, except that the speed limit within any municipality shall be an absolute speed limit and any speed in excess thereof shall be unlawful. The statute then state 30 miles per hour to be the speed limit in any municipality.

"Another section of the statute reads, in part, as follows:

"The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder.

"That section uses the term 'right-of-way' and I will give you the statutory definition of right-of-way: Right-of-way means the privilege of the use of the highway."

After a brief reference to the emergency rule, the judge continued with this general reference to the traffic statutes:

"Now, in connection with the traffic statutes that I have read to you, to the extent that you find them applicable under the facts that you find here, a violation of any of them by a party to this action is negligence unless there is some explanation for the violation which seems like a reasonable explanation to you. Driving in a city faster than 30 miles per hour is unlawful and results in forfeiture of the right-of-way."

Before the jury retired plaintiff's attorney requested the court to define "unlawful" as being equivalent to negligence under our law, pointing out that the trial court had "merely said it is unlawful without showing that if it is unlawful, it is negligence as a matter of law." No changes were made in the instructions as a result of his request.

The jury returned a verdict for the defendant and the plaintiff moved for a new trial on the grounds the trial judge erred in refusing to instruct specifically that if it found that defendant was traveling at a speed in excess of the statutory speed limit, it must find him guilty of negligence. The trial judge granted the motion on the ground that omission of this instruction was a fundamental and basic error of law which compelled him to grant a new trial, basing his decision on Butler v. Engel, 243 Minn. 317, 68 N. W. (2d) 226. We said in that case (243 Minn. 338, 68 N. W. [2d] 239):

"Of course, where the evidence is in conflict as to whether or not there was a violation of the speed limit, a jury question is presented. *The jury should, however, be instructed that, if they find that the defendant was traveling at a speed in excess of the statutory speed limit, they must find him guilty of negligence.*" (Italics supplied.)

This principle has been reaffirmed in Walker v. Ruvelson, 257 Minn. 391, 396, 102 N. W. (2d) 19, 23, where the court stated, "It is true that a speed in excess of 30 miles per hour within a municipality constitutes negligence per se, and that, under proper circumstances where this is an issue, the trial court is required to so charge the jury." There the only evidence as to speed was the testimony of the defendant that plaintiff's car was going from 30 to 35 miles per hour and the testimony of one of defendant's witnesses that it was going 25 to 30 miles per hour. We held in the Walker case that the trial court did not err in failing to charge the jury that driving at a speed in excess of the statutory speed limit is negligence per se since the evidence did not present the issue and, further, the claimed error in the instructions was first asserted in a motion for a new trial. We do not have either situation in the case at bar.

Defendant cites Mottinger v. Halfman, 247 Minn. 115, 76 N. W. (2d) 689, as in effect reversing Butler v. Engel, *supra,* in support

of his contention that the instruction as embodied in the Butler case is not mandatory. An examination of the Mottinger case and the errors assigned in the motion for a new trial therein satisfies us that defendant's position is not correct.

Under the circumstances here we do not believe the trial court erred in granting a new trial.

Affirmed.