**Einer H. OLSON and Alice Olson, Plaintiffs,**

**v.**

**Loren MASON and Walter Roelli, d/b/a Roelli Cheese Company, Defendants.**

**Civ. No. P–3080.**

United States District Court, S. D. Illinois, N. D.

March 27, 1970.

William E. Stewart, Kewanee, Ill., for plaintiffs.

Ross E. Morris, Peoria, Ill., for defendants.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

This cause is now before the court on plaintiffs' motion for summary judgment solely on the issue of liability as provided for in Rule 56(c), Federal Rules of Civil Procedure.

Many facts are uncontradicted and therefore not in dispute. Among such are the following: The defendant, Loren Mason, a citizen of Wisconsin, was in the employment of Roelli Cheese Company, an individual proprietorship of defendant Walter Roelli, in the State of Wisconsin; and, at all times material hereto, was operating a vehicle within the scope of that employment. Said defendant Mason was traveling north on a gravel road approaching Wisconsin State Highway 11 on June 29, 1968. Although defendant Mason was familiar with the intersection and knew of and observed a stop sign governing his path of travel, he merely "shifted down" without stopping and without noticing any cross traffic and proceeded directly onto the arterial highway. Plaintiffs were traveling west on the arterial highway and, although they saw the vehicle driven by the defendant Mason approaching the intersection, they assumed that it would stop. When it did not, the plaintiff, Einer Olson, who was driving the Olson car, applied his brakes, but a collision occurred. It is not disputed that the proper substantive law to be applied in this cause is the law of the State of Wisconsin.

It is clear that Rule 56, Federal Rules of Civil Procedure, is intended to avoid trial of immaterial issues where the material facts are not in dispute. In ruling on a motion of this kind, the court's duty is to determine whether any genuine issue of material fact exists for trial and to grant summary judgment, applying the substantive law where there is no such issue.

The defendants assert that one or more of the following facts are material and are in dispute: the weather conditions, the condition of the pavement at the time and place of the accident, the degree to which some alleged acts or omissions on the part of plaintiffs might reduce recovery, and the exact position of the stop sign. This court is not unmindful that inferences to be drawn from underlying facts are to be viewed in the light most favorable to the party opposing the motion. United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 6 L.Ed.2d 176 (1962). However, disputes as to these facts and resolution of such disputes are immaterial to the legal question of liability because they relate only to possible mitigation of damages under the comparative negligence doctrine. They do not in any degree preclude the granting of this motion for summary judgment under that concept rooted in Wisconsin law. See, Henden v. Passow, 39 Wis.2d 119, 158 N.W.2d 551, 553 (1968).

Defendants argue that summary resolution is improper here because negligence is usually confined to jury evaluation and is rarely disposed of by summary judgment. They cite Keating v. Jones Development of Missouri, 398 F.2d 1011, 1015 (5th Cir. 1968); Harvey v. Great Atlantic & Pacific Tea Company, 388 F.2d 123, 125 (5th Cir. 1968); Dornton v. Darby, 373 F.2d 619, 621 (5th Cir. 1967), not involving Wisconsin law, which do stand for the general proposition for which they are cited. However, under the comparative negligence stand-

ards of the law of Wisconsin, the jury will evaluate the negligence of defendants and any negligence of plaintiffs in relation thereto. Granting this motion decides only that defendant Mason was negligent as a matter of law.

 Under the law of Wisconsin, a motorist approaching an arterial highway must not only stop but must also observe at a place where efficient observation may be had. Bokelkamp v. Olson, 254 Wis. 240, 36 N.W.2d 93, 94 (1949). Likewise, the failure of a motorist controlled by a stop sign to see a vehicle approaching is negligence as a matter of law. Lake to Lake Dairy Co-op. v. Andrews, 264 Wis. 170, 58 N.W.2d 685 (1953); Rock v. Sarazen, 209 Wis. 126, 244 N.W. 577 (1932). This court is also satisfied that under the law of Wisconsin the plaintiffs had a legal right to assume that the defendant Mason would not only stop but would also not proceed until safe. Lundquist v. Western Casualty & Surety Company, 30 Wis.2d 159, 140 N.W.2d 241, 244 (1966); Kraskey v. Johnson, 266 Wis. 201, 63 N.W.2d 112 (1954); Klas v. Fenske, 248 Wis. 534, 22 N.W.2d 596 (1946). Finally, since it is uncontroverted that Loren Mason was acting within the scope of his employment with Roelli Cheese Company, the negligence of Mason is properly imputed to defendant Roelli. Firemen's Fund Insurance Company v. Schreiber, 150 Wis. 42, 135 N.W. 507 (1912).

Under the law of Wisconsin, therefore, it is clear that plaintiffs are entitled to a determination that defendants are liable as a matter of law. This determination, however, should not be construed as a determination that the plaintiffs are free from any negligence or the extent to which such possible negligence may reduce their recoverable damages under the Wisconsin doctrine.

There being no genuine issue as to any material fact for trial on the issue of defendants' liability at law, the motion, in the opinion of this court, must be allowed, thereby reserving for trial the entire matter of damages, if any, recoverable on account of such liability.

It is so ordered.