ANASTACIO LASANTA PIÑERO, ETC., Plaintiffs and Appellees, *v.* RETTO, INC., EMPLOYERS INSURANCE OF WAUSAU and/or EMPLOYERS MUTUAL LIABILITY INSURANCE OF WISCONSIN, Defendants and Appellants.

No. R-71-204.    Decided May 12, 1972.

694

*J. H. Picó* and *Orlin P. Goble* for appellants. *Lugo & Gómez* for appellees.

PER CURIAM: Appellants challenge the partial summary judgment rendered in this case to the effect that "the accident and its consequences which gave rise to the case were due to defendant's negligence." We conclude that said judgment should prevail.

Appellants sustain that the summary judgment does not lie because (1) there exists a controversy of facts in the case; (2) negligence has to be proven in a plenary trial; (3) it was based partly on inadmissible evidence consisting of the complaint against the driver of the vehicle owned by defendant Retto, Inc., for driving negligently as a result of the accident that he alleged caused his judgment in said case in which it appears that he pleaded guilty, and in part on declarations in his own behalf; (4) said evidence is insufficient to establish negligence since nothing is said about the speed of the vehicles involved, the condition of the highway, the number of vehicles traveling along the highway, the existing visibility, the mechanical conditions of the vehicles, the attention, watchfulness, and experience of the drivers, and the time elapsed and the distance covered from the time

they saw the vehicle owned by codefendant Retto, Inc., and the subsequent impact; (5) Retto, Inc., did not cooperate with the insurers, appellants herein, in furnishing them the necessary information for an adequate defense.

The complaint filed on January 7, 1971, alleged the occurrence of an accident on Km. 42 of Highway No. 1, on February 28, 1970, when a truck of Retto, Inc., collided with the vehicles which were driven by each one of the various appellees. Numerous personal damages and damages to appellees' property were alleged. In the answer of April 7, 1971, of the insurers, the facts were denied for lack of information and various defenses were set up, among which it was included the lack of cooperation of codefendant Retto, Inc., which never answered the complaint for which reason its default was entered.

In the sworn statements that accompany the motion for summary judgment of May 27, 1971, it is informed, in synthesis, that the day of the accident:

1.—Anastacio Lasanta Piñero was driving a Jeep vehicle having as passenger his wife when

". . . coming out of a curve which is at said place, I found in front of me invading my lane a truck that on said curve, and on a slope, was trying to pass a line of vehicles which were headed in the direction towards Cayey, that is, in a direction opposite to mine. . . .

"That I tried to avoid the aforementioned truck, which was coming towards my car invading my lane, would hit me, turning the most I could towards my right to get out of its way but since to my right there was a slope which kept me from doing so, I stopped my vehicle on the right up to where the slope permitted me to and that notwithstanding, the truck hit me on the left frontal part of the Jeep causing the damages claimed in the above-entitled case. . . .

"With the impact my vehicle was hurled backwards colliding in turn with a Ford Mustang vehicle which was driven by Mr. Miguel A. Santiago Navarro who is coplaintiff in the above-

.entitled case who also received damages on account of the accident.

· "That at the moment when the accident occurred the aforementioned truck was coming up a slope and passing on a curve which caused it to invade the lane along which I was traveling at a moderate speed along my right."

2.—Jeremías Ortiz Rodríguez was driving a Chevrolet vehicle with his wife as passenger. He testified that:

". . . upon reaching Km. 42.0 after passing a bridge there is at that place and when I was going up a slope, entering into a curve, unexpectedly I noticed that a truck tried to pass by the left side of my vehicle and invaded the lane of the vehicles that were headed toward Caguas, and proceeded to hit a Jeep driven by Mr. Anastacio Lasanta Piñero and whose Jeep tried to avoid the accident turning towards his right;

"That after colliding with the aforementioned Jeep and provoking that said Jeep upon being hit backwards would collide, in turn, with a Ford Mustang vehicle which was driven by Mr. Miguel Santiago Navarro and which travelled in the same direction as the Jeep, the truck turned towards its right and landed on top of my vehicle smashing the upper part of the same with its body and in trying to evade it I had to leave the road towards my right colliding with a mango tree;

"That at the moment when the accident occurred the truck invaded the lane of the vehicles that travelled in the opposite direction and was going into a curve and on an ascending slope and did not give any signal with its horn."

3.—Miguel A. Santiago Navarro was driving a Ford Mustang vehicle

". . . along State Highway No. 1, in the direction of the city of Caguas and I noticed that a Jeep vehicle, which afterwards resulted to be driven by Mr. Anastacio Lasanta Rivera, was going in front of me and upon reaching Km. 42.0 near the entrance of Barrio Borinquen of Caguas, I realized that coming out of a curve at said place and travelling at exaggerated speed and invading the lane along which Mr. Lasanta and I were travelling, there appeared a truck which tried to pass the vehicles that were headed from Caguas to Cayey;

"That upon seeing that said truck drove upon the Jeep vehicle driven by Mr. Lasanta, which was in front of my vehicle, I noticed that Mr. Lasanta applied the brakes at the same time he turned his car towards his right and against the slope that there is at said place and at the same time that Mr. Lasanta was doing this operation, I also applied the brakes and tried to turn my vehicle towards the right;

"That the aforementioned truck collided with Mr. Lasanta's Jeep and with the impact the latter was thrown backwards colliding with the frontal part of my vehicle;

"That after colliding with Mr. Lasanta's Jeep vehicle, the truck swerved toward the right and as a result of the speed it carried, it started to overturn itself on top of a 1960 Chevrolet vehicle driven by Mr. Jeremías Ortiz Rodríguez crushing the capote of said vehicle and throwing it to the right, out of the road where said Chevrolet collided with a mango tree;

"That all the vehicles involved in this accident with the exception of the truck were travelling along their right and at moderate speed;

"That the truck was travelling at exaggerated speed invading the lane of the vehicles that were headed towards Caguas at the moment it tried to pass the vehicles that were headed towards Cayey without having made a signal of any type."

In all these sworn statements the truck that caused the accident was identified as property of Retto, Inc., driven by its employee Guillermo Rivera Mercado.

The appellant insurers opposed the motion for summary judgment on the grounds previously set forth except that the defense for lack of cooperation of Retto, Inc., was not adduced. It was in a subsequent motion for reconsideration of the aforesaid partial judgment that appellants adduced as another ground for said reconsideration the lack of cooperation of its insured. They did not offer a sworn statement or any other evidence that would controvert the facts recited in the sworn statements attached to the motion for summary judgment or that would sustain the defense of lack of cooperation of the insured.

In *Widow of Viera* v. *Superior Court,* 93 P.R.R. 490, 496 (1966), we said that ". . . disputes on negligence shall not ordinarily be decided by means of summary judgment but rather, in a plenary trial, unless, of course, the record shows that there is no genuine controversy with respect to the fact of negligence."

In *Valcourt Questell* v. *Superior Court,* 89 P.R.R. 809, 814 (1964), we said that ". . . since the party seeking summary judgment has complied with the duty to show that there is no issue as to the facts and that summary judgment should be rendered as a matter of law, the other party against whom the judgment is sought cannot defeat the motion by remaining idle and relying, as was done in this case, on the facts stated in the allegations of the complaint. 'He must show that evidence is available which would justify his allegations.' *Cortés* v. *Heirs of Cortés,* 83 P.R.R. 660, 665 (1961)."[1]

■ In view of the fact that the appellants did not adduce any evidence in opposition to the summary judgment, we must first determine whether in the statements attached to the motion for summary judgment facts establishing the negligence of the driver of the truck of Retto, Inc., are recited, and that there is no controversy as to this. The summary which we have previously made of such statements clearly demonstrates the existence of such negligence and that there does not exist any controversy about this particular. In view of such a detailed statement of facts with respect to said negligence, the omission of certain elements of evidence to which appellants refer in their foregoing ground No. 4 does not controvert the sufficiency of such evidence of negligence nor is demonstrative of its insufficiency. *Olson* v. *Mason,* 310 F.Supp. 1031 (S.D. Ill. 1970).

---

[1] Rule 36.5 of the Rules of Civil Procedure thus provides it.

The fact that evidence of the guiltiness admitted by the driver of the truck in the criminal action has been adduced, in no way affects the fact that the foregoing sworn statements recite facts of the accident that clearly show that the same was due to said driver's negligence.

As to the defense of lack of cooperation of the insured, it suffices to indicate that the same is still available to be considered in due time when the case returns to the trial court.

At the hearing, the insurers alleged that they did not have nor were given time to prepare their defense in view of the lack of cooperation of the insured. Since the filing of the complaint in January 1971, until the motion for summary judgment was filed in May of that same year, the insurers had enough time and opportunity to investigate the facts of the accident, examine witnesses and the police reports, take depositions, and to resort to all the means for the discovery of available evidence. The record seems to indicate that the insurers did not give complete fulfillment to this obligation. *R.A.C. Motors, Inc.* v. *World Wide Volkswagen Corp.*, 314 F.Supp. 681, 685 (D.N.J. 1970).

In view of the foregoing, the partial summary judgment rendered in this case on June 22, 1971, by the Superior Court, Caguas Part, will be affirmed.

Mr. Chief Justice Negrón Fernández, Mr. Justice Pérez Pimentel, and Mr. Justice Hernández Matos took no part in the consideration or decision of this case.